WILLIAM CARTER, Appellant v. REYNOLDS COUNTY.

Division One, November 15, 1926.

**1. COUNTY: Recovery for Work Done: No Contract.** Under the statute (Sec. 9507, R. S. 1919) providing that "if a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law," the claimant cannot recover unless the labor was done and material furnished under a contract with the county.

**2. ———: Contract: Order of Court.** An order reading: "It appearing to the county court that it is necessary for the good of the public that something be done to change the flow of water in Black River at the

Carter's Mill bridge, and orders that there will be paid or that the county will contribute to said work a sum not to exceed $500, after completion and approval of county court of said work," is not a contract; nor did a letter thereafter addressed by the presiding judge to plaintiff to proceed with the work, nor his performance of the work, make it a contract.

3. **COUNTY: Powers of Court.** A county court can speak only by its record, and this is true as to all its acts, whether judicial or ministerial. A letter written by the presiding judge is not a record of the county court, but mere hearsay; nor is he "an agent authorized by law" to make contracts for the county. The county judges can act for and obligate the county only when sitting as the county court.

4. ———: **Quantum Meruit: Implied Contract.** The statute (Sec. 9507, R. S. 1919) prescribing that a claimant can recover only for work done or materials furnished "under contract with the county" negatives a promise on the part of the county arising by implication of law, and the county cannot be held upon an implied contract.

Corpus Juris-Cyc. References: **Counties,** 15 C. J., Section 107, p. 460, n. 2; Section 118, p. 466, n. 10; Section 248, p. 552, n. 52; Section 256, p. 559, n. 77; Section 257, p. 560, n. 79; Section 259, p. 561, n. 96. **Evidence,** 22 C. J., Section 168, p. 209, n. 77; Section 1284, p. 1006, n. 66 New; Section 1286, p. 1007, n. 81.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*John H. Raney* and *Garry H. Yount* for appellant.

(1) If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with an agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law. Sec. 9507, R. S. 1919; Bryson v. County, 100 Mo. 76. (2) The record entry made by the county court, the letter written to appellant by a member of said court, the acceptance by the appellant of the offer or donation made by the defendant, and his performance of his part of said contract, was a sufficient compliance with Sec. 2164, R. S. 1919. Water Co. v. Aurora, 129 Mo. 540; California v. Tel. Co., 112 Mo. App. 728; Forrester v. Sullivan, 231 Mo. 370.

*John R. Johnson* for respondent.

(1) The statute provides the kind of contract necessary to sustain an action of this kind, and as the proof did not meet the statutory requirement the trial court did not err in rendering judgment for respondent. Sec. 2164, R. S. 1919; Carter v. George, 264 S. W. 463;

Iowa Bonding & Casualty Co. v. City of Marceline, 255 S. W. 577; Hillside Securities Co. v. Minter, 300 Mo. 380. (2) The second count of the petition is intended to be based upon Sec. 9507, R. S. 1919. In this count it is alleged that appellant did the work at the special instance and request of respondent. To authorize a recovery under this section a contract must be alleged and proven, and as that was not done appellant is not entitled to recover. Sec. 9507, R. S. 1919; Perkins v. School Dist., 99 Mo. App. 488; Taylor v. School Dist., 60 Mo. App. 375; Metz v. Warrick, 269 S. W. 626; Likes v. City of Rolla, 184 Mo. App. 296; Hillside Securities Co. v. Minter, 300 Mo. 380.

RAGLAND, P. J.—This is an action at law. The petition is in two counts. The first alleged a cause of action as follows:

"Plaintiff for his cause of action against defendant says that on the 23rd day of June, 1921, he entered into an agreement with said county through the county court of said county for the driving of certain piling along the west side of Black River, and adjoining the west end of a certain steel highway bridge across said river near Carter's Mill in said county; that defendant contracted and agreed to pay plaintiff for the driving of said piling the sum of five hundred dollars. Plaintiff further says that in pursuance to said contract and agreement he proceeded, within a reasonable time, to drive said piling as provided for in said agreement; that said contract has long since been completed by plaintiff upon his part, but that though often thereto requested defendant has ever failed and refused and still fails and refuses to comply with its part of said contract and pay to plaintiff the sum agreed to be paid."

The second: "Plaintiff says that on the 23rd day of June, 1921, at the special instance and request of defendant, plaintiff drove certain piling along the west side of Black River and adjoining the western end of a certain steel highway bridge across said Black River near Carter's Mill in Reynolds County, Missouri; that the work and labor of driving said piling was reasonably worth the sum of five hundred dollars."

The answer as to both counts was a general denial.

A jury was waived and the cause tried to the court. The facts which plaintiff's evidence tended to show are fairly set forth in the following statement found in appellant's (plaintiff's) brief:

"Several years prior to the time of the accruing of this cause of action, the respondent constructed a steel bridge across Black River, within said county at what is known as Carter's Mill Ford. This bridge is a part of a much travelled public road and highway. At the point where said bridge was constructed, the river bottom to the west of the main channel of said stream was low and consisted of a grave'

bar; the east end of said bridge lodged against a bill and above high water.

"Sometime after the construction of said bridge, the river, about one-fourth mile above, began to turn to the west and through the low bottom and going around said bridge, washing a new bed and channel through the gravel bar.

"The appellant and others noticed the progress of this change and realized that, if something wasn't done to retard the same, the bridge would soon be on dry land, and that the channel of the river would be to the west of said bridge. The appellant, having had much experience in road and bridge building, went to Ellington, Missouri, where Mr. A. L. George, a member of the County Court of Reynolds County, and Mr. S. A. Neeley, one of the road commissioners, resided; and had a talk with them regarding the situation and the remedy that could be perfected.

"This conversation resulted in the parties agreeing upon a time when they would meet at the bridge, go over the matter and see what could be done.

"At the agreed time the parties met at said point, went over the ground and decided that the driving of piling would stop the progress of the change of the channel of said stream and would cause the same to remain under the bridge. The place where to be driven, the size of the piling and the depth to be driven were agreed upon between the appellant and Judge George, a member of the county court. The parties also agreed upon the price of said work, providing the price made by the appellant was satisfactory with the other members of the county court. Judge George agreed to take the matter up with the court and then to advise appellant, which he did.

"After considering the matter, the county court made an order offering five hundred dollars, as the county's share, to any one that would do said work. Upon the promulgation of this order Judge George wrote the appellant, advising of its contents and instructing him to go to work on the job, 'the sooner the better, and to be there when the tie drive went by,' and giving instructions and directions as to how the ties should be driven at said point.

"Upon the receipt of this letter the appellant began the prosecution of said work and rushed same to completion. Some of the work was donated by interested parties of the vicinity of said bridge. Appellant paid for all other work and material and in all paid out more than five hundred dollars, giving his own time for the good of the cause.

"After the job was completed he wrote two or three letters to members of the county court, which were given no attention whatever.

He was unable to get them to take up the matter of paying the five hundred dollars, or to come and inspect the work.''

The court order and the letter of Judge George above referred to were as follows:

### THE ORDER:

''In the Matter of Changing Black River at Carter's Mill Bridge.

''It appearing to the county court that it is necessary for the good of the public that something be done to change the flow of water in Black River at the Carter's Mill bridge, and orders that there will be paid or that the county will contribute to said work, a sum not to exceed $500, after completion and approval of county court of said work.''

### THE LETTER:

''June 23rd, 1921.

''Mr. Wm. Carter

''Piedmont, Mo.

''Dear Sir:

''The court made an order to pay the $500, when the piling was drove and approved by the court, which we thought would be soon enough to pay the part of the county, now if this arrangement is satisfactory you can proceed with the work when you are ready and the sooner the better. And be there at work when the ty drive reaches there that is now on the way, and have them to so wing the river so it will turn the current under the bridge instead of the cut off where it is now going.

''Yours very truly, A. L. GEORGE.''

All of the evidence except the court order and the letter was oral. The letter as well as the parole evidence was received over the objections of the defendant. The defendant offered no evidence, and no declarations of law were asked by either party. The court found the issues for defendant and gave judgment accordingly. From such judgment plaintiff brings the cause here on appeal.

Section 2164, Revised Statutes 1919, provides: ''. . . such contract (one made by a county), including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto or their agents authorized by law and duly appointed and authorized in writing.''

Section 9507, Revised Statutes 1919, provides: ''If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law.''

That the evidence wholly fails to show a contract between plaintiff and Reynolds County conforming to the requirements of Section 2164 is manifest. Confronted with this situation appellant places his reliance on Section 9507. But before this latter section can avail him, he must show that the work and labor was done, and the material furnished, *under a contract* with the county. What is the proof of the existence of a contract? The parole evidence must be eliminated. A county court can speak only by its record; and this is true with reference to all its acts, whether judicial or ministerial. [Riley v. Pettis County, 96 Mo. 321; Sanderson v. Pike County, 195 Mo. 604; Harkreader v. Vernon County, 216 Mo. 706.] The letter written by Judge George is not a record of the county court; it is the merest hearsay. The only competent evidence offered on the issue of contract or no contract was the record entry of an order of the county court. From that order it appears that the county offered to "contribute not to exceed $500 after completion and approval of the county court" of "something . . . to change the flow of water in Black River at the Carter's Mill Bridge." This offer was so vague and indefinite that it could not be made the basis of an enforcible contract. Certainly proof of it does not tend to establish the contract pleaded.

George's agreement with the plaintiff was not binding upon Reynolds County. He was not an agent of the county "duly appointed and authorized in writing;" being merely a member of the county court did not constitute him an "agent authorized by law" to make contracts for the county. If all three of the judges of the county court had separately agreed with plaintiff that the county would pay him $500 for driving piling in Black River, the county would not be bound. They could act for and obligate the county only when sitting as the county court. [Crutchfield v. Warrensburg, 30 Mo. App. 456; Board of Commissioners of Cass County v. Ross, 46 Ind. 404; McDonald v. Mayor, 68 N. Y. 23; Butler v. City of Charleston, 73 Mass. 12.]

The cause of action pleaded in the second count of the petition is on a *quantum meruit*. The statute, in prescribing the mode by which alone a county can obligate itself by contract, negatives the idea of a promise on its part arising by implication of law. The defendant cannot be held as on an implied contract. [Crutchfield v. Warrensburg, supra; Hillside Securities Co. v. Minter, 300 Mo. 380.]

The judgment of the circuit court is affirmed. All concur, except *Graves, J.,* absent.