A. G. NOLAN, PLAINTIFF IN ERROR, v. CONSOLIDATED SCHOOL DISTRICT NO. 3, CALLAWAY COUNTY, DEFENDANT IN ERROR.*

Kansas City Court of Appeals. December 5, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2609, p. 701, n. 49.

*John A. Nolan* for plaintiff in error.

*Baker & Baker* and *Cave & Cuthbertson* for defendant in error.

ARNOLD, J.—This is an action to recover a balance alleged to be due under a written contract for making certain additions and rebuilding a schoolhouse for district No. 3 in Callaway county, Mo., at New Bloomfield. Judgment was for plaintiff in the sum of $775.08, but, being dissatisfied with the amount of said judgment, plaintiff brings the case here by writ of error, contending the court erred in refusing to allow plaintiff certain items claimed, in the total sum of $4500, for labor and material furnished in replacing certain walls of the old building which had been partially destroyed by fire and thereafter blown down by a windstorm.

The facts are that plaintiff is a contractor and builder residing in the city of St. Louis, and defendant, as stated, is an organized school district in Callaway county, Mo. The suit was instituted in Callaway county, but was taken to Cole county by change of venue and was there tried to the court without the aid of a jury. The school building in question belonged to the district and had been partially destroyed by fire, leaving only parts of the walls standing.

On May 24, 1924, plaintiff entered into a written contract for the construction of a new building partly on the site of the old. It appears from the record that under the said contract plaintiff was to furnish the necessary materials and labor for the erection and completion of alterations and additions to be made to said building, in accordance with certain plans and specifications. At the time of the execution of the contract and prior thereto, the brick walls of the old school building remained on the site and the contract contemplated replacing the destroyed parts of the old building, with some minor changes, the addition of some rooms and the use of the brick walls which were left of the original building.

After the said contract was entered into it appears plaintiff began work by excavating for an auditorium which was one of the new parts to be added, and by removing rubbish from the basement of the old building and placing therein joists for the first floor. At this time

no work had been done in the way of repairing the walls of the old building. In the month of July, 1924, a windstorm blew down the four brick walls of the old building, excepting small detached sections thereof. Through his subcontractor plaintiff rebuilt said walls, furnishing the labor and materials therefor, and for the removal of the debris. There was no separate written contract covering this particular work. When the building was completed, plaintiff submitted to defendant a claim in the sum of $4500 which represented the additional cost to him in replacing the walls. This claim, including some other items, was rejected by defendant, and is the basis of this suit. Defendant interposed a counterclaim. The trial court allowed plaintiff certain small sums for extras and disallowed the $4500 item. Defendant was allowed certain small sums on its counterclaim.

At the close of all the evidence the court refused a declaration of law, in the nature of a demurrer offered by plaintiff to all the evidence of defendant on its counterclaim. At this juncture, the court made the following statement:

"THE COURT: Mr. Reporter, please take this notation concerning the judgment of the court in this case:

"The court after having heard the evidence offered and being fully advised in the premises, and after having heard the argument of counsel, holds the school district, the defendant in this case, liable for the following items:

"The two written contracts mentioned in evidence totalling $24,-614.75; the extra work as noted by the minutes for the concrete in the basement and work on walls, $450; the item of $45 for digging the sewer and the item of $75 for the septic tank, making a total of $25,184.75; and gives the school district credit for the following amounts: $23,517.32 paid to the contractor, and also credit for Exhibit W of $35 and Exhibit X of $33.38, making a total of $23,585.70 of cash paid out; and also gives them credit for the roof at $550, a lumber bill of $102.97, lumber and work in the schoolhouse $63, and work now incomplete and yet to be done of $108, making a total credit of $24,409.67; that amount deducted from the other sum, $25,184.75, leaves a balance for judgment in favor of the plaintiff of $775.08."

The following decree and judgment were entered of record:

"Now at this day comes the plaintiff, A. G. Nolan, in his own proper person and by his attorneys, E. L. McCall and P. S. Terry; comes also the defendant Consolidated School District No. Three of Callaway county, Missouri, by its attorneys N. T. Cave and Baker & Baker, and both parties announce ready for trial, and by agreement of parties this cause is tried before the court, sitting as a jury, without the intervention of a jury, and the trial begins, and at the conclusion of the evidence and after having heard argument of counsel, it appears to the court that the defendant is indebted to the plaintiff

herein on its contract for material and labor in the sum of seven hundred and seventy-five dollars and eight cents ($775.08). It is therefore ordered, adjudged and decreed by the court that the plaintiff A. G. Nolan, have and recover of and from the defendant Consolidated School District No. Three of Callaway county, Missouri, the sum of seven hundred seventy-five dollars and eight cents ($775.08), together with his costs laid out and expended in this behalf and that execution issue therefor.''

The only point for which plaintiff contends is that the court erred in disallowing the item of $4500, claimed by him. It is urged in this behalf that (a) when one by contract creates a duty or charge upon himself he is thereby bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract; (b) and that where the written agreement is broad enough to cover the situation out of which recovery is sought, the statute is complied with. Plaintiff cites a number of cases in support of this well-established rule. Defendant does not refute it and we may accept plaintiff's statements as being correct. However, the point in controversy here is whether or not the main contract is, in fact, broad enough to cover the situation presented. The agreement between the parties is of standard form and printed. As a basis of his argument, plaintiff cites Article VIII of the contract which is as follows:

''The owner agrees to provide all labor and materials essential to the conduct of this work not included in this contract, in such manner as not to delay its progress, and in the event of failure so to do, thereby causing loss to the contractor, agrees that it will reimburse the contractor for such loss; and the contractor agrees that if he shall delay the progress of the work, so as to cause loss for which the owner shall become liable, then he shall become liable, then he shall reimburse the owner for such loss. Should the owner and contractor fail to agree as to the amount of loss comprehended in this article, the determination of the amount shall be referred to arbitration, as provided in Article XII of this contract.''

Basing his argument on the provisions of this article, plaintiff insists there are two questions presented for our consideration, viz.: (1) Was it the duty of the district, under the contract, to furnish these walls? (2) Did the contractor have the right, after the walls had been destroyed, and the district failed to arrange to replace them, to furnish the labor and material, replace the walls, and recover the cost thereof?

Article I of the contract has this provision:

''The contractor shall and will provide all the materials and perform all the work for the erection and completion of additions and alterations to be made to the present public school building,'' etc.

It is noted that the plans and specifications contain the same language and that the plans show the presence of the walls of the old building. The contract was based upon this situation. It is argued that if the defendant was to furnish this portion in the first instance, it was the duty of defendant to replace the walls after their destruction.

It is not disputed that plaintiff, in fact, did replace the said walls and did it through a contractor named Inman. The record shows Inman never has been paid therefor by plaintiff, or by any one else, and that Inman brought suit against plaintiff for this particular work for which plaintiff denied liability.

In this connection it is well to note that Article II of the contract provides that the contractor, during the progress of the building, shall maintain insurance on same against loss or damage by fire, lightning and tornado, the policy to cover all work incorporated in the building and all materials for same in and about the premises.

The position of plaintiff is well presented and argued in his brief. However, we find that plaintiff in his petition and in the trial of the case took the position that the amount involved herein was not included in the written contract but was for extra work, labor and materials furnished, due to the destruction of the walls by a windstorm; while, in his brief and before this court, he adopts the theory that the items sued for, as a matter of fact, were included in the contract. On this point defendant insists plaintiff is precluded from recovery when he tried his case in the court below on one theory and bases his arguments in this court upon another and different theory.

This point is well taken. In the case of Allen West Com. Co. v. Richter, 286 Mo. 691, 703, 228 S. W. 827, 831, the Supreme Court says: "It is well-established law in this jurisdiction that plaintiff is concluded here by the theory upon which it tried the case below." [See, also, Rabok Mfg. Co. v. Ins. Co., 212 Mo. App. 600, 236 S. W. 916; Bennett v. Ins. Co., 209 Mo. App. 81, 237 S. W. 144; Hayes v. Kansas City, 294 Mo. 655, 242 S. W. 411.]

The petition sets out the contract in full and also the items composing the disputed claim and refers to them as "extra work done and material furnished." Having thus chosen to plead and try his case, he may not now be permitted to press his claims in this court upon an entirely different theory. Under this ruling we need not determine whether or not the general contract entered into covers the items in dispute.

Defendant presents another point which precludes plaintiff's recovery, as follows: The provisions of the statute, section 2164, Revised Statutes 1919, are as follows:

"No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same

shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.''

The evidence shows plaintiff had only two contracts with defendant, viz., (1) the principal contract entered into May 24, 1924, providing for the payment of $23,494; and (2) the contract for extra work of October 30, 1924, which provides for the payment of $1131.75, in which no mention is made of the disputed items. Under the section of the statute just quoted, the defendant could not have entered into a contract providing for the furnishing of certain materials and labor, including the consideration therefor, except under a written contract, duly executed. Therefore plaintiff would not be entitled to recover under this section, even though he should be permitted to present his case in this court upon a theory different from that followed in the court below. If the contract be construed as plaintiff now undertakes to construe it, and he be allowed to recover on the *quantum meruit*, such contract would run counter to the above section.

We find no reversible error of record. The judgment is affirmed. *Bland, J.,* concurs in the result; *Trimble, P. J.,* absent.

