L. G. BOATRIGHT, Appellant, v. SALINE COUNTY, MISSOURI, Respondent.
—No. 38298.—169 S. W. (2d) 371.

Division Two, March 25, 1943.

946

*James & Bacon* for appellant.

*Marion Robertson* for respondent.

WESTHUES, C.—Appellant, Boatright, sued respondent, Saline County, Missouri, to recover $3200.00 alleged to have been paid by him to the Aetna Insurance Company as premiums on a surety bond while he was county collector, from March 1, 1939, to March 1, 1943. The trial court sustained a demurrer to plaintiff's petition and from the judgment entered Boatright appealed.

The suit was based upon the provisions of section 3238, Mo. Rev. St. Ann. (1939), which insofar as applicable to counties reads:.

"Whenever any officer . . . of any county of this state . . . shall be required by law of this state . . . to enter into any official bond, or other bond, he may elect, with the consent and approval

of the governing body of such . . . county . . . to enter into a surety bond, or bonds, with a surety company . . . authorized to do business in the state of Missouri and the cost of every surety bond shall be paid by the public body protected thereby.''

The petition recited that Boatright had an understanding with the county court that he was to give a surety bond and the county would pay the premium; that after he had applied for such a bond a surety company, upon investigation, learned that the county court had not complied with the law in that it failed to designate depositories of the county funds, and therefore the surety company refused to enter into any bond. The petition then alleged that with the knowledge and consent of the county court Boatright obtained a bond signed by his friends, in other words a personal bond in the sum required, that is $236,000; that he was unable to obtain signers to this bond unless he gave the sureties thereon a reindemnifying bond in the sum of $50,000; that he obtained such a bond from the Aetna Insurance Company and the premium thereon amounted to $800.00 per year; that the county court knowing all the foregoing facts made the following order:

'' 'Saline County Court, May adjourned term, May 15, 1939. $236,000 having examined and approved is in due form and complies with the laws and statutes applicable thereto, and said bond is hereby approved.' ''

It will be noted that no mention was made in this order of any surety bond. The order is merely an approval of the personal bond given by Boatright. Respondent's demurrer stated that plaintiff's petition did not state facts sufficient to constitute a cause of action; also that the surety bond upon which the petition was based was a reindemnifying bond for the protection of plaintiff's personal sureties and not the defendant county.

If the statute relied upon did not expressly so state we think it could be justly implied that to render a county liable for a premium on a bond, as the statute contemplates, the bond must be executed for the benefit of the county. However, we need not indulge in any such implication in this case for the statute so provides. Note the concluding portion thereof:

''. . . and the cost of every such surety bond shall be paid by the public body protected thereby.''

The county of Saline was not protected by this bond and therefore it was not one as contemplated by the statute. The statute also provides that the officer, in this case the county collector, may elect, with the consent and approval of a governing body of such county, to enter into a surety bond and the costs shall be paid by the county. It is apparent that the legislature intended the county to be liable only in case the county court consented thereto and approved the giving of such a bond. County courts are courts of record and can speak

only by and through the record. Dennison v. St. Louis County, 33 Mo. 168; Decker v. Diemer, 229 Mo. 296, 129 S. W. 936, l. c. 943; 20 C. J. S. 866; Thompson v. City of Malden, 118 S. W. (2d) 1059, l. c. 1064 (8, 9). In the latter case the court of appeals said:

"A County Court may speak only through its records, and ex officio, verbal understandings with county judges are not valid and binding."

The consent and approval of the county court must be made a matter of record. A county cannot be made liable for sums, as in this case $3200, merely upon the oral expressions of the members of the court. It will be noted that in Motley v. Callaway County, 347 Mo. 1018, 149 S. W. (2d) 875, the county court, by an order of record, approved a surety bond given by the collector and agreed to pay the premium. It will also be noted that the bond in that case was given for the protection of the county.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.