EZRA T. BERRY, Appellant, v. LINN COUNTY, MISSOURI.—No. 39698.—
195 S. W. (2d) 502.

Division One, July 8, 1946.

Roach & Brenner for appellant.

C. B. Burns for respondent.

DOUGLAS, J.—Ezra Berry was elected treasurer of Linn County for a four-year term beginning in 1941. He also became ex officio Collector of Revenue for the county for the same term. He furnished an official bond for each office as required by law. The bonds were executed by a surety company. Over the four years the premiums were paid by Berry annually. For both bonds the premiums aggregated the sum of $1,700. In this suit he seeks to recover that sum from the county. He lost in the circuit court and has appealed.

Berry relies on Section 3238 R. S. 1939, Mo. R. S. A. which provides in part that whenever any county officer is required by law to enter into any official bond he may elect "with the consent and approval" of the governing body of the county to enter into a surety bond with a surety company and the cost of the bond will be paid by the county.

The two surety company bonds furnished by Berry were approved by the county court. The approval was endorsed on the bonds themselves and also shown by an order in the records of the court which stated the bonds "are hereby approved and ordered filed." Berry contends the action of the county court approving the bonds is sufficient to show the bonds were furnished "with the consent and approval" of the county. Thus the requirement of the statute was met and the county should be liable for the premiums. We cannot agree.

The formal approval of Berry's bonds by the county court was a condition to his holding office and was required by statute. Sec. 13795 and Sec. 11057, R. S. 1939, Mo. R. S. A. Such approval was of the bond itself, its form, its amount, its surety, its execution and such matters. Approval was required whether the bond was executed by a surety company or by individual sureties. Mere approval did not constitute the statutory "consent and approval" of Berry's election to furnish a surety company bond.

The intent of Section 3238 is clear. It provides when an officer chooses to give a surety company bond, the cost of it shall not be imposed on the county unless the county agrees.

A county court speaks only through its records. The only record we have here is the formal approval of the bond itself required by other statutes. There is no record showing the necessary authorization for Berry to give a surety company bond. Without such record the county may not be charged for the cost. Boatright v. Saline County, 350 Mo. 945, 169 S. W. (2d) 371.

The same contention Berry makes here has been previously presented to and denied by this court. Cox v. Polk County (Mo.), 173 S. W. (2d) 680 and Motley v. Callaway County, 347 Mo. 1018, 149 S. W. (2d) 875. The latter case held that Section 3238 merely authorizes a county to make an agreement for a surety company bond and, if it does so in advance, to pay the cost of the bond when it is furnished.

In this case Berry has shown no agreement with the county court authorizing him to furnish surety company bonds. Therefore, the county is not authorized to pay the cost of the bonds and Berry should not recover.

Judgment affirmed. All concur.