Joan CAMPBELL, Appellant,

v.

AMERICAN FARMERS MUTUAL INSURANCE COMPANY, a corporation, Appellee.

REORGANIZED SCHOOL DISTRICT NO. 1 OF GRAY RIDGE, MISSOURI, and Larry McCoy, Appellants,

v.

AMERICAN FARMERS MUTUAL INSURANCE COMPANY, a corporation, Appellee.

Nos. 15572, 15574.

United States Court of Appeals Eighth Circuit.

Nov. 20, 1956.

Rush H. Limbaugh, Cape Girardeau, Mo., and Clarence A. Powell, Dexter, Mo. (Phillips & Phillips, Poplar Bluff, Mo., and Limbaugh & Limbaugh, Cape Girardeau, Mo., on the brief), for appellants.

David E. Blanton, Sikeston, Mo. (Blanton & Blanton, Sikeston, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

The American Farmers Mutual Insurance Company, plaintiff (appellee), brought this action for a declaratory judgment against Reorganized School District No. 1 of Gray Ridge, Missouri, Larry McCoy and Joan Campbell, defendants (appellants), asking that it be found not obligated by a policy of liability insurance to defend and hold harmless in an action for personal injuries arising out of an automobile accident. The District Court decided in favor of the plaintiff-appellee. After motions for a new trial were overruled, the defendants separately appeal. By stipulation the appeals have been consolidated here. The parties will be referred to as they were in the court below.

Defendant Reorganized School District is a quasi corporation organized to provide public education within prescribed territorial limits. Defendant Joan Campbell was a teacher employed in a rural area by the School District. She lived at Gray Ridge, Missouri. It was customary practice and the understanding at the time of employment that she would be furnished free transportation on school buses from her home at Gray Ridge to the Trotter School, where she was employed, and return. Defendant Larry McCoy was a regular bus driver employed by the School District. While returning to Gray Ridge at the end of her day's teaching, Miss Campbell was injured when a school bus driven by McCoy

and in which she was riding left the traveled portion of a public road.

At the time of the accident, there was an effective policy of liability insurance issued to the School District covering the school bus in which Miss Campbell was riding. The policy contained the usual provision for payment on behalf of the insured for damages by reason of bodily injury sustained by any person arising out of the use of the school bus and for which the insured was legally liable. The plaintiff contended that neither the School District nor McCoy was covered by the policy because exclusion clause (d) states that the insurance does not apply to "* * * bodily injury * * * of any employee of the insured while engaged in the employment * * * of the insured * * *". Plaintiff's liability under its policy is, then, dependent upon Miss Campbell being adjudged not an employee at the time of the injury.

Miss Campbell filed suit in state court against McCoy and the School District. The state court, on motion made by attorneys employed by the insurance company, dismissed the action against the School District, apparently on the ground that it was a quasi corporation having governmental immunity but denied the motion as to McCoy. The insurance company then refused to defend the action on behalf of McCoy, denying liability under the policy. A declaratory judgment was requested in the Federal District Court by the insurance company to confirm this position and such declaratory judgment was granted.

The overriding objection of the defendants on appeal is that the trial court erred in finding clause (d) excluded coverage for the injuries sustained by Miss Campbell because the District Court deemed her an employee of the insured and, "engaged in the employment * * of the insured" at the time of the accident.

Defendants rely upon a number of cases which construe employment to mean present and *active* work at the time of the accident. Chief among these is B. &

H. Passmore Metal & Roofing Co., Inc., v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536. As the District Court pointed out, however:

"A greater number of cases have emphasized the status of the employee at the time of the accident and have accordingly held that where the transportation is furnished as an express or implied term of the employment, the employee, while riding to and from work, is engaged in the business of the insured."

The District Court stated:

"In the present case, considering the distance to the school from defendant Campbell's home, and the fact that she had no other means of transportation, it was at least an implied term of the contract of employment that she be furnished transportation—if indeed the promise of the superintendent of the School District did not make it an express term."

■ The court was, of course, bound by the law of the State of Missouri. This court, in interpreting a similar exclusion clause, had occasion to examine the law of Missouri in State Farm Mutual Auto. Ins. Co. v. Brooks, 8 Cir., 1943, 136 F.2d 807, certiorari denied 320 U.S. 768, 64 S.Ct. 80, 88 L.Ed. 459. That is the only case interpreting Missouri law as to the particular exclusion clause here involved. In that case, two boys were injured, one fatally, while riding home after the day's work. This court held that they were engaged in employment within the meaning of the exclusion clause. The defendants argue that that case is not comparable nor should it be controlling here because evidence of actual employment at the time of injury was stronger in that case. However, the holding in the Brooks case was based upon the fact that the employees were returning from their place of employment to their home at the time of the injury—the exact factual situation in the instant case.

This court said in the Brooks case, 136 F.2d at page 811:

"Here the boys had no other means of getting to the slab pile and their transportation back and forth was contemplated in the contract of employment and was a necessary part of the insured's business."

Here Miss Campbell had no other means of getting from her home to the school and back. Her transportation was contemplated by the parties and it was a necessary part of the insured's business. In construing the law of Missouri, this court, in the Brooks case, relied in part on Sylcox v. National Lead Co., 1931, 225 Mo.App. 543, 38 S.W.2d 497, 499, quoting the following therefrom:

" 'If the right to transportation is given, either positively or inferentially, by the terms of the contract, the employment begins when the employee boards the bus to go to the scene of his labor; it continues throughout the entire period of transportation; and it terminates when he leaves the bus. * * * the courts hold almost unanimously that, even though the employee is not paid for the time spent on the bus, he is yet in the course of his employment, if he rides by the employer's order, or with his knowledge and acquiescence * * * that transportation to and from work may well be one of the incidents of the employment, and an accessory, collateral, or subsidiary part of the contract * * *.' "

See also Howes v. Stark Bros. Nurseries and Orchards Co., 1930, 223 Mo.App. 793, 22 S.W.2d 839; Johnson v. Aetna Cas. & Sur. Co., 5 Cir., 1939, 104 F.2d 22.

■ Defendants argue that workmen's compensation cases such as the Sylcox case should not be controlling here. The Kansas City Court of Appeals (Missouri) nevertheless used such cases, including the Sylcox case, in interpreting the language of a somewhat similar clause contained in a group accident policy. Gage v. Connecticut General Life Ins. Co., Mo.App.1954, 273 S.W.2d 761, 763. From this it would seem that both the Missouri courts and this court are in agreement in relying upon Missouri workmen compensation cases in determining when an employee is engaged in his master's employment in situations similar to that with which we are here concerned, and we see no reason to depart from that reliance.

As a further indication of what the Missouri law is on the question of employment, attention is directed to the case of Garbo v. P. M. Bruner Granitoid Co., Mo.App.1952, 249 S.W.2d 477, at pages 479–480:

"Generally speaking, an injury sustained by an employee while going to and from his work is not compensable for the reason that it may not be said to be by accident arising out of and in the course of his employment. In other words, the trip to and from one's place of work is merely an inevitable circumstance with which every worker is confronted and which ordinarily bears no immediate relation to the actual services to be performed. * * *

"However all this may be modified by circumstances and situations * * * as * * * where, for instance, the work consists of an out-of-town job, or, if not an out-of-town job, is in any event to be done at a location so far removed from the homes of the employees as to make it expedient for the employer to furnish his employees with transportation to and from their work. * * * If the right to transportation, or the right to reimbursement for the expense of the operation of the employee's own car, is given the employee by the terms of his contract, and his injury is received in connection with such transportation, then his injury is by accident arising out of and in the course of his employment, and is therefore compensable under the act * * *."

■■ Defendants also argue that under Section 163.020 RSMo 1949, V.A. M.S.:

"The school day shall consist of six hours occupied in actual school work; * * *."

and that this was outside or rather subsequent to the six hours of school work in that Miss Campbell was returning to her home and therefore was not then employed. It is obvious that the six-hour regulation was to meet minimum educational requirements. It is common knowledge that teachers spend time in their work in addition to the actual teaching hours. They grade papers, attend meetings and supervise outside schoolroom activities. If, here, Miss Campbell had been on her way to another town supervising a girls' basketball team as part of her school activities and duties, certainly it would not be contended she was not employed at the time.

■ Defendants also argue that under statutes of the State of Missouri, Section 432.070 RSMo 1949, V.A.M.S., all school district contracts must be in writing and state all of the terms but that here the written contract did not include any provision for transporting Miss Campbell. Transportation being at best an implied term of her employment, defendants insist that such an accommodation amounted to a gratuitous act which in no way extended her period of active employment. Several cases wherein this court and the Missouri courts have refused recovery for services rendered to government entities are cited to us to sustain this position. City Water Co. of Chillicothe v. City of Chillicothe, Mo., 8 Cir., 1913, 207 F. 503, certiorari denied 231 U.S. 753, 34 S.Ct. 322, 58 L.Ed. 467; Bride v. City of Slater, Mo.1953, 263 S. W.2d 22; Kansas City v. Rathford, 1945, 353 Mo. 1130, 186 S.W.2d 570; Carter v. Reynolds County, 1926, 315 Mo. 1233, 288 S.W. 48; Nolan v. Consolidated School District No. 3 of Callaway County, 1927, 222 Mo.App. 59, 300 S.W. 523. Recovery was refused in these cases either because the full contract was not in writing or because no implied services were to be considered as part of the written contract. All of these cases are an interpretation of § 432.070 or like

statutes but such statutes are patently not designed to cover the factual situation of this case. The relevancy of the statute would be evident if, for example, Miss Campbell were to claim wages, in addition to her regular salary, for time spent in being transported. It is of no assistance in determining whether she was an "employee" while being transported. This statute does not alter our prior determination that Miss Campbell was employed at the time of the accident.

■ We find no error in the District Court's conclusion as stated in its opinion:

"In the light of the Missouri law which appears to be in agreement with that of a majority of courts which have passed on the exclusion clause before us, we conclude that Miss Campbell was an employee engaged in the employment of the School District at the time of her accident within the meaning of exclusion clause (d)."

■■ Defendants claim that the exclusion clause here under consideration is ambiguous and that accordingly it should be construed most liberally against the insurer who drew the contract. If the clause is ambiguous, it should be most liberally construed in favor of the insured, but where the language is plain and unequivocal the words used must be given their usual and natural meaning and there is no room for construction. See Gage v. Connecticut General Life Ins. Co., supra. A reading of the clause in question convinces us that it is without ambiguity and that this court is without authority to rewrite the terms thereof to arrive at a conclusion more favorable to the insured than the plain language of the contract permits.

■ The defendants also contended that the trial court erred in holding that plaintiff was not required to defend Larry McCoy because exclusion clause (d) of the policy issued by plaintiff was inapplicable with respect to the defendant Larry McCoy, in that defendant Joan

Campbell was not engaged in the employment of Larry McCoy at the time of the accident and injury in question and Larry McCoy was an additional insured.

The omnibus coverage of the policy insofar as it may be pertinent herein provides as follows:

"III. Definition of Insured. * * * the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

\* \* \* \* \* \*

"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile, in the business of such employer."

The above clause (b) excludes McCoy from coverage under the policy because both Miss Campbell and McCoy were co-employees of the School District and the terms of the clause exclude claims of one employee against another employee. The purpose of this exclusion clause is to limit coverage to the general public and to emphasize the fact that employees of the School District are not covered. See State Farm Mutual Auto. Ins. Co. v. Brooks, supra, 136 F.2d at page 811.

In dealing with this particular clause, the trial court said:

"But the clinching argument for the plaintiff on this question is found in clause III(b) of the policy. There it is provided that insurance with respect to any person other than the named insured does not apply: (quoting exclusion clause (b) supra).

"Whatever doubt might otherwise arise as to exclusion of coverage of McCoy, the above clause has been repeatedly held to have removed any liability from the insurance company where the injured person is an employee of the named insured. Johnson v. Aetna Casualty & Surety Co., supra; Malisfski v. Indemnity Ins. Co. of North America, 4 Cir., 1943, 135 F.2d 910 (applying Maryland law); American Fidelity Co. v. Deerfield Valley Grain Co., D.C.D.Vt. 1942, 43 F.Supp. 841; Lumber Mutual Casualty Ins. Co. v. Stukes, supra [D.C., 72 F.Supp. 463]."

We think the trial court was entirely correct in its conclusion.

In view of our determination of the matters so far discussed, it is unnecessary to go into any detail as to the remainder of the points raised.

Affirmed.