Honorable James L. Russell Representative, District 6 R.R. #3 Savannah, Missouri 64485
Dear Representative Russell:
This is in response to your request for an opinion from this office as follows:
 "1. Does the Presiding Judge of a County Court vote along with Associate Judges, when a decision is required, or only when the Associate Judges fail to agree?
 "2. What if any, do the duties and opinions of a District Judge of a County Court differ from other members of the Court, in regard to issues pertaining to the specific district he or she represents?
 "3. If the Presiding Judge is contacted on a matter such as a road condition of a District Judge, should he make the decision or refer them to the Judge in that District?
 "4. Is the County responsible for mileage and lodging, when incurred by any one of the Judges going to any or all meetings he desires to attend; without first consulting the other Judges?"
We assume that the questions you have submitted concern the county court of Andrew County which is a third class county. Our opinion will deal with the law that applies to county courts in third class counties.
The answer to the questions you have submitted depend upon the law of this state that governs the action and authority of county courts of third class counties. County courts are not the general agents of the county or the state; their powers being limited and defined by law and having only such authority as expressly granted them by statute. King v. Maries County, 249 S.W. 418 (Mo. 1923). A county court performs its functions as a constituted body, and its members acting individually have no power to obligate the county. Missouri-Kansas Chemical Co. v. Christian County,180 S.W.2d 735 (Mo. 1944). Carter v. Reynolds County, 288 S.W. 48
(Mo. 1926).
The first question you have submitted is whether the presiding judge of a county court has a right to vote on all matters being presented to the court when all the members are present or whether he has the right to vote only when the associate judges fail to agree.
Section 49.070, RSMo, provides as follows:
 "A majority of the judges of the county court shall constitute a quorum to do business; a single member may adjourn from day to day, and require the attendance of those absent; when but two judges are sitting and they shall disagree in any matter submitted to them, the decision of the presiding judge shall stand as the decision of the court; provided further, when the presiding judge is absent and the other two judges are present the county clerk shall designate one of such judges present as presiding judge during the absence of the regular presiding judge, and such judge shall, during the absence of the regular presiding judge, have all of the powers of the regular presiding judge."
We have been unable to find any appellate court decision in this state passing upon this question. In Hollis v. Weissenger,
135 S.W. 410 (Ct.App. Ky. 1911), the court held that the presiding judge of a county court had the same right to vote on questions coming before that body as may be exercised by the other members of the court and he was not limited to voting only in case of a tie vote of the other members.
It is our opinion that the presiding judge of a county court of a third class county has authority to vote on all matters pending before the court when all the members are present the same as the associate judges and the decision of the majority of the judges present constitutes the decision of the court. It is only when two of the judges are sitting and they disagree that the decision of the presiding judge shall stand as the decision of the court. Furthermore, we believe it is the responsibility of all the judges when sitting as a body to vote on all matters pending before the court since they have been elected by the people to represent them and the people are entitled to know the views and opinions of each of the judges concerning all matters submitted to the court.
State ex rel. Walton v. Miller, 297 S.W.2d 611 (K.C.Mo.App. 1956), concerned the oral agreement made by one of the judges of the county court concerning work to be performed by plaintiff for the county. In holding that the county court performs its duties as a body but not as individuals, the court stated, l.c. 614-615:
 ". . . A majority of the county judges constitute a quorum, Section 49.070, provided that it is made at the proper time and place to transact the business. It is the duty of the county court to audit all claims against the county. Section 49.270. However, `This, of course, means lawful demands against the county. It cannot be construed as giving authority to the county court to audit and settle claims against the county court arising under void contracts'. Hillside Securities Co. v. Minter, supra, 254 S.W. at page 193.
 "When the two judges, Taylor and Salmons, while conversing in the corridors of the courthouse and without the presence, knowledge or consent of Miller, the presiding judge, and who, seemingly, was standing within easy call, undertook to make an oral agreement with Walton to do work for the county, they were acting in their individual capacity and they were not, under such circumstances, the authorized agents of the county respecting the transaction. `A county court performs its functions as a constituted body. Its three members acting individually have no power to obligate the county'. Missouri-Kansas Chemical Co. v. Christian County, 180 S.W.2d at page 736. The same opinion states at same page: `A county court is a court of record and speaks only through its records; verbal understandings with county judges are not valid. Boatright v. Saline County, 350 Mo. 945, 169 S.W.2d 371; Carter-Waters Corporation v. Buchanan County, Mo.Sup., 129 S.W.2d 914 and cases cited'. On a similar matter in Carter v. Reynolds County, 315 Mo. 1233, 288 S.W. 48, 50, the Supreme Court said: `He was not an agent of the county "duly appointed and authorized in writing"; being merely a member of the county court did not constitute him an "agent authorized by law" to make contracts for the county. If all three of the judges of the county court had separately agreed with plaintiff that the county would pay him $500 for driving piling in Black river, the county would not be bound. They could act for and obligate the county only when sitting as the county court. [citations]'." (Emphasis supplied)
In answer to your second question of whether the duties and responsibilities of the district judge of the county court differ from other members of the court in regard to issues pertaining to the specific district he or she represents, it is our opinion that they do not. It is our opinion that the presiding judge and the associate judges represent the county at large and the duties and responsibilities of the associate judges are not confined or restricted to the district which he represents.
In answer to your question of whether the presiding judge, when he is contacted on a matter such as a road condition in a district of the associate judge, should make the decision or refer them to the judge in that district, it is our opinion that the matter has to be decided by all the members of the court and not left to the decision of the judge whether it be the presiding judge or the associate judge.
As heretofore stated, it is our opinion that the county court can transact business only when sitting as a court and not by individual decisions. County courts can speak only through their records and any action taken by the county court which is binding on the county has to be made a matter of record. State ex inf.Stephens v. Fletchall, 412 S.W.2d 423 (Mo.Banc 1967).
In your fourth question you inquire whether the county is responsible for mileage and lodging incurred by any one of the judges going to any or all meetings he desires to attend without first consulting the other judges. In answer to your fourth question, we are enclosing herewith Opinion No. 253 issued by this office on August 15, 1963, to James C. Skaggs and Opinion No. 350 and 351 amended December 31, 1975, to Haskell Holman. It is our view that any mileage or lodging can be reimbursed only if approved by the court while in session.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 253 Skaggs, 8-15-63
 Op. No. 350 and 351 Holman, 12-31-75