NATIONAL SUPPLY COMPANY *v.* IZARD COUNTY.

4-3843

Opinion delivered April 29, 1935.

*I. J. Friedman* and *T. R. Wilson,* for appellant.

*John C. Ashley,* for appellee.

BAKER, J. National Supply Company, beginning in 1924 and continuing through each year to and including 1927, sold several orders for items of merchandise to Izard County, in the total sum of $646.05. These were all grouped under one claim, and filed with the county court for allowance on December 28, 1929. According to the record before us the statement was sworn to by the treasurer of the National Supply Company. The claim was disallowed by the county court on October 9, 1933. On the 31st day of October, National Supply Company filed its prayer and affidavit for appeal.

The transcript does not disclose the date of the filing of the appeal in the circuit court, but on September 24, 1934, a motion was filed in the circuit court by the appellee to dismiss the appeal. Three causes are alleged for the dismissal. The first is that no appeal was ever granted by the lower court at the time and in the manner

authorized by law. Second, that no verified account has ever been, or is now, filed. Third, that the account filed in the action is barred by the statute of limitations.

On the 4th day of the term of court, the court sustained the motion to dismiss. This order of the court dismissing the appeal appears to have been on the last day of that term of court, and on October 25th, within the thirty-day period, a motion for new trial was filed, overruled and ninety days granted within which to prepare and file bill of exceptions. Except for the detailed statement of the several items of merchandise, this is the entire record in this case.

According to the view we have of this case, it is unnecessary to enter into any extended discussion of the several matters presented here.

The affidavit to the claim filed, made by the treasurer of the National Supply Company, states that "the account is a true and correct one; that no part of the same has been paid, and it is due and payable at this time." It was sworn to on the 3rd day of September, 1929. This is not in conformity to the requirements of the statutes which provide for the verification of claims or demands against the county. No effort or offer was made at any time to correct the affidavit, and at the time of the hearing upon the motion to dismiss in the circuit court the affidavit had in no manner been changed or corrected. Section 2029, Crawford & Moses' Digest, provides: "Before any account, claim, demand or fee bill shall be allowed by any county court, said court shall require the person or persons, or their legal representatives, claiming the same to be due to attach to said account, claim, demand, or fee bill an affidavit that the same is just and correct, and that no part thereof has been previously paid; that the services charged for or materials furnished, as the case may be, were actually rendered or furnished, and the charge made therefor does not exceed the amount allowed by law or customary charges for similar services or materials, when estimated and paid in lawful money of the United States, and that such account, claim, demand or fee bill is not enlarged, enhanced, or otherwise made greater, in consequence of

or by reason of any estimated (supposed or real) depreciation in the value of the county warrants; which allowed claim, demand or fee bill, together with the affidavit thereto, shall be filed with the county clerk and kept in his office for the term of ten years, and the same shall be subject to the inspection of any member of the grand jury of the county at each term of the grand jury, or by the prosecuting attorney of the circuit court. Provided, the affidavit herein provided for shall not be required to any juror or witness certificates, or any claim which is a matter of record, or claims in the circuit court, when the same shall be duly certified down to the county court by the clerk of the circuit court. Act April 3, 1873, § 12, p. 57, as amended by act December 7, 1875, p. 51, and act March 21, 1881, § 1, p. 130.''

This requirement of the statute is not merely formal, such that it might be complied with as suited the convenience or desire of the claimant. It is a substantial and substantive part of the law for the verification of claims before the allowance of them in the county court, and that requirement must be substantially followed, either in the exact words of the statute or in words of equal import and meaning.

According to the authority in the case of *Saline County* v. *Kinkead*, 84 Ark. 329, 105 S. W. 581, the appellant might have amended the affidavit at any time, and have cured this fatal error, but this was not done. Therefore the action of the circuit court in the dismissal of the appeal was proper.

It is unnecessary to discuss the matter of the proper allowance of the appeal from the county court, or the failure to file any bill of exceptions here, or the failure to incorporate in the transcript any copy of any judgment or order dismissing the appeal.

It is sufficient to say that the claim was filed in the county court. The court had jurisdiction. *Lamb & Rhodes* v. *Howton,* 131 Ark. 211, 198 S. W. 521. The county court refused to allow the claim and the circuit court, under the circumstances, dismissed the appeal.

Affirmed.