C. M. Jensen, Appellant, v. Wilson Township, Gentry County. —145 S. W. (2d) 372.

Division One, December 11, 1940.

C. C. *Ross* for appellant.

*D. D. Reeves* for respondent.

DOUGLAS, J.—Appellant has sued to collect one hundred and forty-seven warrants issued by the Township Board of Wilson Township in Gentry County. These warrants had been presented for payment to the Township Treasurer. They were not paid but were protested by the treasurer because of lack of funds. Appellant acquired these protested warrants by purchase.

The case was tried below before a referee and before the court sitting as a jury. The defense was the warrants were not issued in compliance with the statutory requirements. There was no charge of fraud or forgery. Nor was it disputed that the warrants were given in payment for services or material furnished to the township. The report of the referee recommended judgment for respondent on the sole ground the warrants were issued on claims which had not

been verified by affidavit as the statute demands.   The failure to verify was undenied.   Judgment was for respondent.

■   Gentry County is organized under the provisions of the Township Organization Law.   [Chap. 86, R. S. 1929, Mo. Stat. Ann., p. 8119.]   This law provides that each township as a body corporate shall be governed by a board of directors.   One of the duties of the board is to audit all accounts of township officers for services and all other accounts or demands against the township which are legally presented to it.   [Sec. 12299, R. S. 1929, Mo. Stat. Ann., p. 8137.] The board must determine what claims are just and proper.   But the authority of the board in the allowance of claims is further limited to those which have been verified.   Section 12301, R. S. 1929, Mo. Stat. Ann., at p. 8138, says: ". . .   but in no case shall the township board be authorized to allow any claim, or any part thereof, until the claimant makes out a statement, verified by affidavit to the amount and nature of his claim, setting forth that the same is correct and unpaid, or, if any part thereof has been paid, setting forth how much."

■   The only question for our determination is whether the warrants are void because they were issued on claims which had not been verified.   We find no decision of our courts on this precise question.   However, we have considered Section 12301 and other sections pertaining to the allowance and payment of claims.   We have said these statutes are enacted to establish a regular and orderly procedure in the expenditure of public funds for the purpose of safeguarding the funds and to permit the violation of these statutes would open the door to fraud.   Accordingly, we held that laws for the protection of public funds must be heeded and said that this court should announce rules of law which require a compliance with such laws and should not permit an evasion of their plain intent and purpose.   [Missouri Township, Chariton County, v. Farmers' Board of Forest Green, 328 Mo. 868, 42 S. W. (2d) 353.]

■   The terms of the statute are so forceful and explicit as to ward off even any shadow of a doubt about their meaning.   It could hardly be more definitely stated that a township board has no authority to allow any claim whatsoever unless "verified by affidavit." Requiring such verification of the claim is an additional safeguard to the public funds.   The facts stated in support of the claim are confirmed by the affidavit of the claimant.   Because of the affidavit, the claim becomes a solemn, formal declaration stated before an officer of the law to be true; it is fortified because of the prohibition against making a false affidavit.

■   There are a multitude of instances in which affidavits are required both by common practice and by law.   Where required by law they are used in a variety of situations as well as in judicial proceedings.   In the latter they generally may be used to start the

judicial wheels in motion. They invoke the jurisdiction of the court over the particular matter submitted to it. Where an affidavit is required but not given the court, as a rule, has no jurisdiction to proceed and its acts are nullities. In an attachment case an attachment issued without an affidavit is a nullity. Likewise we have held an affidavit of appeal is essential to invoke the jurisdiction of an appellate court. An affidavit is essential in replevin in a justice court; in the allowance of a demand in a probate court; in a proceeding for a divorce. Holding, as we do, that an affidavit is essential for the jurisdiction of a court there is a more compelling reason for a similar holding here. A township board functions not as a court of broad jurisdiction but as the agent of the township with limited authority. Consequently, it is even more essential that its authority be exercised in strict compliance with the powers granted to it. Such a board comes under the same rule as a county court. A county court is only the agent of the county with no powers except those granted and limited by law, and like all other agents, it must pursue its authority and act within the scope of its powers. [State ex rel. Quincy, etc., Ry. Co. v. Harris, 96 Mo. 29, 8 S. W. 794.] In auditing claims a county court acts merely as the fiscal or administrative agent of the county. [Sears v. Stone County, 105 Mo. 236, 16 S. W. 878; Jackson County v. Fayman, 329 Mo. 423, 44 S. W. (2d) 849.]

In the case at bar the statutory requirement of verification is not a mere formality which may be overlooked. It is a matter of substance which is mandatory and must be followed. [See National Supply Co. v. Izard County, Ark., 190 Ark. 744, 81 S. W. (2d) 842.] In approving the unverified claims on which these warrants were issued the board has acted not only without authority but also in direct violation of an express limitation on its power. Such action was a nullity and renders the warrants void. [20 C. J. S., Counties, sec. 249.]

There can be no claim that appellant is an innocent holder for value. The warrants although assignable are not negotiable. It is the established law of the land that all defenses or equities which might have been asserted against the original holder may be made against a bona fide purchaser for value. [36 A. L. R. 949. See Matthis v. Cameron, 62 Mo. 504.] Furthermore, appellant is bound to know that valid warrants may be issued only in compliance with the express statutory provisions and those warrants issued contrary thereto are void. [See Hillside Securities Co. v. Minter, 300 Mo. 380, 254 S. W. 188.]

Despite our decision holding the warrants void, still appellant may have a remedy on the debts for which the warrants were issued. The evidence indicates that the township received the services or material under legal contracts for which claims were approved

by the board. In this situation it would not be fair to permit respondent to enjoy the benefits without paying for them. Dillon in his Municipal Corporations, section 862, states: "It may be laid down that, as a general rule, if the indebtedness for which a warrant is issued is a valid obligation of the municipality, the holder of the warrant, in the event it proves to be void for any reason, *will be subrogated to the debt* to pay which it was issued." [See also McQuillin on Municipal Corporations (2 Ed.), sec. 2417.] It has been held that if a county warrant issued in payment for equipment was found void, then plaintiff has a right to seek recovery on the theory of *quantum meruit* which he had pleaded in the alternative. [Southwestern Lloyds v. City of Wheeler (Tex.), 109 S. W. (2d) 739.] This court has frequently held, when there is evidence tending to show plaintiff has rights growing out of the transaction involved, but has misconceived the remedy, an appellate court "has discretion in the matter, and may remand the cause to permit the petition to be amended, and a retrial of the cause." [Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S. W. (2d) 502; Williams v. Walker, 333 Mo. 322, 62 S. W. (2d) 840; Barlow v. Scott (Mo.), 85 S. W. (2d) 504; Fancher v. Prock, 337 Mo. 1119, 88 S. W. (2d) 179; Patzman v. Howey, 340 Mo. 11, 100 S. W. (2d) 851.] Upon such retrial the issues are to be determined on the evidence to be there adduced and subject to such defenses as may be properly raised.

The judgment is reversed, and the cause remanded to the circuit court with directions to allow plaintiff to amend his petition, if he so desires, and to try the cause anew in conformity with the views herein expressed, or, if plaintiff does not desire to amend his petition, to render judgment for defendant. All concur.