HYDE, HOLLINGSWORTH, DALTON and LEEDY, JJ., and BENNICK and CAVE, Special Judges, concur.

Ruby STOUSE, Plaintiff-Appellant,

v.

Fred STOUSE, H. L. Stouse, June Stouse, Milburn Walker, Trustee, First National Bank of Monett, a Corporation, James E. Sater, Trustee, and Monett Savings and Loan Association, a Corporation, Defendants-Respondents.

No. 43896.

Supreme Court of Missouri.

Division No. 1.

Sept. 13, 1954.

James H. Keet, Springfield, for plaintiff-appellant.

Sater & Monroe, Monett, for respondents.

COIL, Commissioner.

This action involves title to real estate. Plaintiff-appellant (herein called plaintiff) is the former wife of defendant-respondent Fred Stouse. Defendants-respondents H. L. (sometimes called Lee) and June Stouse are the son and daughter-in-law, respectively, of plaintiff and Fred Stouse.

Plaintiff's amended petition was in 4 counts. Count 1 contained four separately-numbered paragraphs. Paragraph 1 averred in substance that plaintiff and the defendants-respondents, Fred, H. L., and June Stouse (herein called defendants), purchased the real estate, described therein, on May 18, 1948. Paragraph 2 averred that grantors executed a deed and delivered it to plaintiff and the three defendants, which was intended to convey to plaintiff and her former husband and to H. L. and June Stouse, respectively, an undivided one-half interest as tenants by the entirety; that plaintiff and Fred Stouse were divorced on April 2, 1951. Paragraph 3 averred that the deed so delivered was erroneous because

it failed to name the wives (plaintiff and defendant June) as grantees by the entirety with their respective husbands and that, in order to correct such error and to invest plaintiff with the title which it was intended she receive, defendants should have conveyed, and were equitably bound to convey, to plaintiff an undivided one-fourth interest in said real estate. Paragraph 4 averred that the scrivener incorrectly drew the deed and did not express the mutual intent of the parties, but, on the contrary, the deed was executed, delivered, and received under a mutual mistake of fact as to who had been named as grantees, it having been understood by the parties that the deed would name plaintiff as a tenant by the entirety with her former husband, defendant Fred Stouse. The prayer of count 1 was for a decree directing defendants to convey to plaintiff an undivided one-fourth interest in the real estate and for further proper relief.

Count 2 adopted the allegations of count 1 and further averred that plaintiff was the fee simple owner of an undivided one-fourth "equitable interest which she acquired as aforesaid", and that defendants claimed adversely to plaintiff under the deed which had conveyed the property to defendants Fred and H. L. Stouse as tenants in common. The prayer was that the court ascertain and determine the estate, title and interest of plaintiff and defendants, and adjudge plaintiff the equitable owner of an undivided one-fourth.

Count 3 sought partition of the property described in count 1. Count 4 sought partition of other real estate therein described and about which there was no dispute.

Defendants' answer denied the averments of count 1 except that it was admitted that plaintiff and Fred Stouse were divorced as averred; it was affirmatively stated that Fred and H. L. Stouse claimed the described real estate as tenants in common under the deed referred to in plaintiff's petition, and that defendant June Stouse disclaimed any interest in the real estate except her inchoate right of dower in the undivided one-half interest of her husband; and the answer denied that plaintiff had any right, title or interest in the real estate except "an inchoate right of dower in the undivided half interest" of her former husband, Fred Stouse.

Defendants' answer to count 2 denied the averments which plaintiff had adopted from count 1 of her petition and denied the affirmative averments of count 2. Defendants then alleged that Fred and H. L. each was the owner, as a tenant in common, of an undivided one-half interest and prayed that the court ascertain and determine the estate, title and interest of the parties, and adjudge that Fred and H. L. Stouse are the owners as tenants in common in fee simple, subject to a certain deed of trust and to the inchoate rights of dower of plaintiff and June.

Plaintiff testified that the property in question was a house, barn, and other outbuildings, on a plot of slightly more than an acre; that her son, H. L., and his wife, June, came to Monett in April 1948, and joined plaintiff and her husband in the operation of a tavern; that plaintiff and the three defendants decided to invest certain of the proceeds derived from the tavern operation in real estate in order that the four (who were then living above the tavern) would have a place to live. As a result of discussions, it was agreed among plaintiff and the defendants that they would purchase the property in question. A cash down payment was needed, and it was agreed among them that plaintiff attempt to borrow $2,500 from her brother; that the total purchase price of the property would be paid from profits derived from the tavern operation; and that all four parties would be named as grantees in the deed. Plaintiff secured the $2,500 loan from her brother which was used for the down payment. A mortgage securing a note for $2,500 was executed to plaintiff's brother which was later paid. All the money which was used to purchase the property, at least until November 1950 when plaintiff separated from her husband, came from the proceeds of the tavern operation. Plaintiff and the three defendants lived in the property until the spring of 1950 when the son and his wife moved to other property (apparently the property involved in count 4 of the peti-

tion which was deeded to all four parties and about which there was no dispute) and plaintiff and her husband continued to live in the property until their separation in November 1950. Plaintiff worked in the tavern 12 or 15 hours a day. Both defendants, Fred and H. L., told her that the property in question would be put in all four names, i. e., the deed would include the names of the respective wives. Approximately a month prior to the divorce decree, her husband told her in the presence of plaintiff's brother and sister-in-law that she (plaintiff) had the same interest in the property as he (her husband) had.

As to the details of the purchase and the execution of the deed, plaintiff testified: that she saw the property in the spring of 1948; that it was purchased from a Mr. and Mrs. Cook through a real estate agent, Mrs. Adams (who was dead at trial time); that she (plaintiff) did not know where the deed was signed, and was not present when it was signed; that she signed the mortgages which were put on the property from time to time and that she was named as an assured in the insurance policy issued on the real estate and its contents. A copy of the policy covering the property showed that plaintiff and the three defendants were named as assureds.

Plaintiff put in evidence a question and answer from the transcript of testimony given by defendant H. L. Stouse in the trial of the divorce case between plaintiff and Fred Stouse. The question: "What property do you and your wife and father and mother own?" was answered to the effect that they owned two pieces of property, one residence on West Benton (the property in question) and one residence on Fifth Street, and that plaintiff and her husband occupied one of such residences and that witness and his wife occupied the other.

Defendant H. L. Stouse, called as a witness by plaintiff, testified that he had made an answer to a question asked him in other litigation among the same parties, which question concerned the financing of the two pieces of property. The answer contained this statement: "Their names went on the deed of the two places the same as mine. How can they have a half interest and me no interest when I put up the majority of the money?" He further testified at instant trial that after he came back to Monett in April 1948, he, his wife, and his parents discussed getting a house and, as a result, the property in question was purchased in May 1948. The deed was drawn by his present lawyer, Mr. Sater, in Mr. Sater's office, at which time defendants Fred and H. L. Stouse, Mr. and Mrs. Cook (the grantors), Mrs. Adams (the real estate agent), and Mr. Sater and his assistant were present; that the deed was written the way he (the witness) wanted it and was in accordance with the instructions which he or his father gave to their lawyer; that there was no mistake in the deed; that there was no agreement at the time the deed was executed between the witness and his father or his mother or his wife as to how the property would be conveyed; and that he (H. L. Stouse) had known all the time that only his and his father's names appeared on the deed. He further testified that: "There must have been an understanding between us as to our own satisfaction at least of what would happen to these properties if and when we ever decided to sell them. We didn't consider them as four separate interests; we considered them as to family interests—my father and myself and the wives interest as being wives."

The trial court refused to permit plaintiff to adduce evidence to the effect that the tavern operation was a joint venture among plaintiff and the three defendants, and that the money which was used to purchase the property was profits resulting from the joint venture.

Defendants' evidence consisted of the testimony of Mrs. Cook and certain records. Mrs. Cook said that she and her husband sold the property in 1948 to Fred and H. L. Stouse; the deed was made to them; it was drawn and executed in Mr. Sater's office. She confirmed the fact that plaintiff was not present at the time. She said that the grantors received a cash down payment and a deed of trust securing a note for the balance of the purchase price; and that she had no

conversation with plaintiff concerning the sale. An abstract showed the deed from the Cooks to defendants Fred and H. L. Stouse as tenants in common; a deed of trust, dated May 18, 1948, to Mr. Sater as trustee for the Cooks, executed by plaintiff and the three defendants securing a note for $3,500, which deed of trust was satisfied and released on August 12, 1949; a deed of trust executed by plaintiff and the three defendants dated August 13, 1949, to Mr. Walker as trustee for the First National Bank, securing a note for $1,600 which deed of trust was satisfied and released on April 12, 1950; and a deed of trust dated April 7, 1950, filed April 12, 1950, executed by plaintiff and the three defendants to Mr. Walker, as trustee for the First National Bank, securing a note for $2,450.

The trial court entered judgment for defendants and against plaintiff on counts 1, 2, and 3 of plaintiff's petition, and ordered partition as prayed in count 4. Judgment was entered for defendants Fred and H. L. Stouse on their answer and cross bill to count 2 of plaintiff's amended petition, by which it was adjudged that defendants Fred Stouse and Lee Stouse were the owners as tenants in common in fee simple of the described real estate, subject to the deed of trust heretofore mentioned, and subject to the inchoate right of dower of plaintiff in an undivided one half of the real estate, "and that the plaintiff Ruby Stouse has no right, title claim or interest in and to said real estate, either legal or equitable, except her inchoate right of dower * * *."

Throughout the trial and in oral findings, the trial court made clear to counsel for plaintiff that, in the court's view, count 1 sought to set aside a deed on the ground of mutual mistake; that the sole issue presented by the pleadings was whether or not there was a mistake made by the scrivener in drawing the deed; and that count 2 depended upon the proof of mistake as averred in count 1. While the trial court indicated during the trial that he would hear evidence on the "intent" of the parties, he took the view that evidence as to whether the tavern operation was a joint venture and evidence as to whose money went to purchase the property was not material or relevant to any issue presented by the pleadings.

It is true that plaintiff's petition is subject to the construction which the trial court placed upon it. It is also true that counsel for defendants repeatedly objected to any evidence which was not directly relevant to the issue of whether there had been a mutual mistake in the drawing of the deed. It is also true that, when the trial court's construction of the pleadings was made clear to counsel for plaintiff, counsel did not ask leave to and did not amend the petition to present the issues which plaintiff now contends were properly issues in the case.

It may be that counts 1 and 2 of plaintiff's petition, liberally construed, and giving consideration to the facts pleaded and to the relief sought in determining the cause of action intended to be pleaded, Kemp v. Woods, Mo.Sup., 251 S.W.2d 684, 688, encompassed issues other than that of mutual mistake. That is to say, the allegations as to mistake contained in paragraph 3 of count 1 of plaintiff's petition might well have been treated as an explanation of the manner in which plaintiff was deprived of her *legal* title, and not as necessarily destroying the effect of the pleaded facts that plaintiff was a joint purchaser of property, was not named in the deed, and thereby had an equitable title to some interest in the property.

The view we take of the case, however, makes it unnecessary for us to determine whether the petition sufficiently presented any issue as to plaintiff's equitable title (other than that of mutual mistake). It must be conceded that the facts giving rise to any claim of equitable ownership were not pleaded clearly and adequately as they should have been. But if we assume that the trial court correctly construed the pleadings and correctly decided the one issue presented by the pleadings under the trial court's construction thereof (and cer-

tainly plaintiff's proof as to mutual mistake was not sufficient), nevertheless, we are of the opinion that the evidence adduced, together with a circumstance to which we shall later refer, demonstrates rather clearly that plaintiff probably has some equitable interest in the property as a result of the transactions described in the evidence, and probably misconceived her remedy. Under these circumstances, an appellate court may, in the exercise of a sound discretion, remand the cause to permit the petition to be amended, and direct a retrial of the issues presented thereby. Wright v. Brown, Mo.Sup., 177 S.W.2d 506, 511[4][5]; Hetzler v. Millard, 348 Mo. 198, 211, 153 S.W.2d 355, 359[2–4]; Jensen v. Wilson Tp., Gentry County, 346 Mo. 1199, 1203[7], 145 S.W.2d 372, 374[10–12].

While we should exercise our discretion to so remand a case sparingly and perhaps only in rare instances, yet where it appears that such action will probably result in effecting substantial justice, we should not hesitate to so do. We think this is a case in which such action is imperatively indicated.

We need not again review the evidence heretofore set forth. Suffice to say that it tends to show that plaintiff may have an equitable title to some portion of the property involved on a theory or theories not decided by the trial court. The evidence tends to show that Fred and H. L. Stouse caused the property to be deeded to them in their individual names in violation of an agreement and understanding among plaintiff and the three defendants that the property was to be deeded to each husband and wife as tenants by the entirety of an undivided one-half. See Proffit v. Houseworth, 360 Mo. 947, 231 S.W.2d 612. The evidence tends to show that the separate property of plaintiff, when she was a married woman, was used by her husband without her written assent to purchase property, the title to which the husband took in himself alone; thereby raising a constructive or resulting trust in plaintiff's favor. See: Frost v. Frost, 200 Mo. 474, 98 S.W. 527, and Moss

v. Ardrey, 260 Mo. 595, 169 S.W. 6. The evidence tends to show, and indicates that if fully developed it would show, that the property in question was purchased with money which represented a part of the profits from a joint venture of plaintiff and the three defendants; that title was taken in the names of only two of the joint venturers; and that they thereby hold a proportionate share thereof in trust for plaintiff. See: Dierks & Sons Lumber Co. v. Bruce, Mo.Sup., 239 S.W. 133, 134[1]; Cordia v. Connolly, Mo.App., 261 S.W. 729, 732[2, 3].

■ Another circumstance which we have considered in arriving at our conclusion to remand this case is this: It has been called to our attention that the Springfield Court of Appeals, in a case involving litigation among the same parties as here involved, and wherein one question was whether this same tavern operation was in fact a joint venture, held that it was; it was stated in the opinion that the evidence there showed that certain real estate (that involved in the instant case) was purchased from the profits of the joint venture. The court there held that the plaintiff (the same person as instant plaintiff) was entitled to an accounting, not only for the remaining assets of the joint venture tavern business, but also for property purchased with the profits from that joint venture. Stouse v. Stouse, Mo.App., 260 S.W.2d 31. These cases, instant case and Stouse v. Stouse, supra, are so interwoven and interdependent that when, as here, justice requires, we take judicial notice of the opinion of the Springfield Court of Appeals. Knorp v. Thompson, 352 Mo. 44, 52, 175 S.W.2d 889, 894[4].

The judgment entered on count 4 of plaintiff's petition is affirmed. As to the remainder of the case, the judgment is reversed and the cause remanded with directions to permit plaintiff, if she so desires, to amend her petition so as to fully present her claim of equitable title, and for a retrial on such amended pleadings:

or, if plaintiff does not desire to amend, to re-enter the present judgment for defendants.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.