**STATE of Missouri ex rel. Clarence T. SAUPE, Relator,**

v.

**J. O. SWINK, Judge of the Circuit Court of Ste. Genevieve County, Missouri, Respondent.**

No. 34148.

St. Louis Court of Appeals, Missouri.

Dec. 28, 1971.

Jackson, Thomasson, Dickerson & Gilbert, Cape Girardeau, for relator.

Roberts & Roberts, Farmington, for respondent.

CLEMENS, Commissioner.

Original prohibition proceeding to test respondent's jurisdiction to allow parents of a deceased child to proceed on a wrongful death *counterclaim* against the injured plaintiff who had sued the child's administrator, but not the child's parents. We hold that since the parents had not been made defendants in the plaintiff's action they cannot bring themselves into that action as counterclaimants.[1]

We mark out the links in the tangled chain of pleadings and orders:

June 25, 1970. Plaintiff filed his petition alleging injuries by an automobile negligently driven on August 21, 1968 by 18-year-old Louis Paul Kertz. Kertz had been killed in the head-on collision. As sole defendant plaintiff named Raymond C. Kertz, Paul's administrator.[2]

July 2, 1970. The administrator filed a $50,000 counterclaim for the wrongful death of his decedent.

July 20, 1970. Plaintiff replied to the administrator's counterclaim, pointing to § 537.080(2) which grants the right of recovery for wrongful death of a childless, unmarried person to the decedent's parents, rather than to his administrator.

September 21, 1970. Louis Kertz' parents, Raymond C. and Nadejda Kertz, designating themselves as defendants, filed their "separate amended counterclaim" adopting the allegations of the administrator's purported counterclaim. This is the critical pleading here.

October 1, 1970. Plaintiff moved to dismiss the parents' pleading, contending that since he had not sued them they had no standing as counterclaimants.

October 6, 1970. The trial court sustained this motion and dismissed the parents' counterclaim without prejudice.

January 8, 1971. Plaintiff filed a motion for summary judgment against the administrator's counterclaim.

January 15, 1971. The trial court entered the following order: "[Appearances] . . . the Court finds that it has heretofore on the 7th day of August, 1970, entered an Order, copies of which are attached hereto, joining as Counterclaim Defendants, Raymond C. Kertz and Nadejda Marie Kertz, his wife. WHEREFORE, the Minutes of the Court are corrected to reflect the entry of said Order, and the Order dismissing the Amended Counterclaim is set aside and held for nought." Until then the court's *sua sponte* order had appeared neither in the court file nor on the judge's docket sheet. It read: "Comes now the Court, and Orders that Movants, Raymond D. Kertz and Nadejda Marie Kertz, his wife, be joined as parties to the Counterclaim previously filed in this case by Raymond D. Kertz, Administrator of the Estate of Louis Paul Kertz, Deceased. 8–7–'70."

The parents' pleading cannot be considered a counterclaim. Not having been sued by plaintiff, they were not defendants. By definition a counterclaim is a counter demand existing in favor of a de-

---

1. Section numbers herein refer to RSMo 1969, V.A.M.S. and rule numbers refer to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

2. At common law an injured person's cause of action died with the death of the wrongdoer; by § 537.020 it survives against the decedent's personal representative.

fendant and against a plaintiff. Schroeder v. Prince Charles, Inc., Mo., 427 S.W.2d 414 [4–6]; Standard Insulation and Window Co. v. Dorrell, Mo.App., 309 S.W.2d 701 [4]. The counterclaim statute, § 509.-420, and Rules 55.45 and 55.46 speak of counterclaims against an "opposing party." This presupposes that plaintiff is seeking recovery from a defendant, who after being sued elects to become a counterclaimant. The respondent cites no authority allowing a non-party to file or recover on a counterclaim, and we find none. We hold the trial court had no jurisdiction over the self-styled counterclaim of Raymond C. and Nadejda Kertz.

■ Respondent's counsel, who represented the parents below, contends prohibition will not lie because the relator has an adequate remedy at law—the right to separate trials on his petition and the parents' "counterclaim." He cites State ex rel. Carr v. Caruthers, Mo.App., 270 S.W.2d 533 [6], where we held "prohibition does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings." If the parents had standing as counterclaimants the trial court could in its discretion grant separate trials under Rule 66.02. But that right is doubly contingent—on the parents' standing and on the trial court's discretion. We cannot say this is a remedy at law sufficiently adequate to bar relator from prohibition.

■ Respondent's counsel alternately contends the parents were authorized to join as co-defendants by Rule 52.05(a). The rule says: "All persons may *be joined* in one action as defendants if there is *asserted against them* jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." (Our emphasis). This rule declares a plaintiff's right to joinder of multiple defendants; it does not give non-parties the right to inject themselves into a lawsuit as defendants.

Respondent's counsel concede the administrator's counterclaim was "inappropriate" but contends the parents "did take action to file their cause of action prior to the running of the [two-year] Statute of Limitations." (§ 537.100). He asks that we go beyond the prohibition issue and rule that the Statute has been tolled as to the parents. Relator conversely asks us to rule that the parents' claim is barred by limitation. We are authorized by § 530.090 to make supplemental orders in a prohibition case but decline to rule the limitation issue. This for two reasons. First, the record before us is not broad enough to determine whether the parents' actions did toll the statute. Further, since we hold the parents are improper parties to the action below it would be inappropriate here to rule either for or against them on the limitation issue. We make no ruling whatever on the parents' right by a separate action to sue for the wrongful death of their son.

We order that the respondent judge set aside his orders of August 7, 1970 and January 15, 1971 whereby Raymond C. and Nadejda Kertz were joined as parties in the cause below, and that he be prohibited from assuming jurisdiction over their purported counterclaim other than to strike it from the file.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, it is ordered that the respondent judge set aside his orders of August 7, 1970 and January 15, 1971 whereby Raymond C. and Nadejda Kertz were joined as parties in the cause below, and that he be prohibited from assuming jurisdiction over their purported counterclaim other than to strike it from the file.

BRADY, P. J., DOWD, J., and MEYER, Special Judge, concur.

WOLFE, J., not participating.