STATE ex rel. PETTIS COUNTY, Missouri, Plaintiff-Relator,

v.

Honorable Charles H. SLOAN, Circuit Judge, by Special Assignment to the 18th Judicial Circuit of Missouri, Pettis County, Defendant-Respondent.

No. WD 33827.

Missouri Court of Appeals, Western District.

Nov. 2, 1982.

C.B. Fitzgerald, Warrensburg, for defendant-respondent.

Stanley Brian Cox, Pros. Atty., Sedalia, for Pettis County.

Before LOWENSTEIN, P.J., and PRITCHARD and CLARK, JJ.

LOWENSTEIN, Presiding Judge.

In this original proceeding in prohibition, the plaintiff, Pettis County, Missouri, by its prosecuting attorney, Stanley Cox, seeks to make absolute this court's preliminary order to keep the defendant Judge Sloan from sustaining the motion of the individual county judges to disqualify Cox as attorney for the county in a suit against the county for services rendered pursuant to a contract.

On August 26, 1981, Mid-Missouri Plumbing & Heating, Inc., of Sedalia, Missouri entered into a contract with Pettis County to install a new steam boiler in the courthouse. The price was $25,460. The three county administrative judges, Gary Hieronymus, G.L. Morris and C.E. Jones, signed the contract for Pettis County. On August 27, 1981, the county court's records show the court had entered into this contract for the heating system, "... based on the Emergency Provisions in the State Statutes." The County did not advertise for nor conduct bidding on the work in question. On September 30, 1981, the prosecutor, Cox, sent a letter to the three judges informing them the lack of advertising on competitive bidding as required under § 50.660, RSMo 1978[1] made the contract with Mid-Missouri void. Section 50.660 provides that contracts and purchases involving counties be let to the lowest bidder after advertising the bidding in a qualified newspaper; the advertisement requirement may be deleted if the contract is for less than $500. Cox's letter advised the judges since the statute was ignored, any individual who authorized payment on this contract would become "personally liable" and "face other civil penalties."

The judges responded by letter stating the work was done pursuant to § 49.470 which allows the county court to repair and preserve a county building from waste and that in order to get the heating system in the courthouse operative before freezing weather, the work was done without bidding.

Following a flurry of press releases and news accounts of the boiler contract, Mid-Missouri resorted to filing a petition, # CV482–21cc, in the circuit court of Pettis County claiming the necessary work on the contract had been completed and no payment made by the defendant Pettis County toward the $25,460 due Mid-Missouri. The petition alleged Mid-Missouri had substantially completed the work on October 13, 1981 and the work had been inspected by the three judges. The circuit judge disqualified himself, and Judge Sloan was assigned to hear the case. Cox filed an answer for the county which denied the allegations in the petition and further stated the agreement was not reached in compliance with § 50.660 and therefore payment was not authorized.

In January, 1982, the three individual judges of the Pettis County Court hired private counsel who filed a motion to disqualify Cox as attorney for the county on the grounds that Cox's position was contrary to the "position desired to be taken in this litigation by the County Court[.]," and because of Cox's position of potential civil liability of the members of the County Court.

The motion recognized the prosecutor's duty to represent the county in this civil suit pursuant to § 56.060. Cox opposed the

---

1. All statute references are to Revised Statutes of Missouri, 1978.

motion, and upon Judge Sloan's statement of intent to sustain the motion, Cox sought this writ.

■ The unique issue presented is whether the individuals who comprise all the judges of a county court, as non-parties, and without intervention under Rule 52.-12(c), may disqualify the prosecutor from representing the county in a civil suit where such duty to represent the county by the prosecutor is mandated by statute (§§ 56.-060 and 56.070) for the reason the prosecutor's position on a lawsuit differs from their's. This court holds that defendant has no jurisdiction to grant the motion to disqualify and makes absolute the preliminary order.

To hold to the contrary would allow several results, none of which are salutory; (1) persons not parties to a suit could remove an attorney to that suit without entering an individual appearance, (2) if the judges are allowed to prevail on their motion, a county could strip the prosecutor, who by law is their attorney, of his statutory duties because his advice was contrary to the individual judges by denominating such difference as a "conflict", (3) as a result of (1) and (2) above, it would allow individual county judges to act on matters affecting county litigation without having to take any formal action as a county court.

The individual county judges, under the facts here, simply have no standing under § 56.060 and § 56.070 to disqualify the prosecutor. They describe themselves as technically non-parties but really interested parties because they may face personal liability. However, the three judges were strangers to the underlying suit by Mid-Missouri against Pettis County and have no standing to seek relief available to parties or to control the proceedings. *State ex rel. Hughes v. Smith,* 485 S.W.2d 646, 650 (Mo. App.1972).

Moreover, the judges failed to comply with the intervention procedure prescribed by Rule 52.12(c). The rule reads, in pertinent part: "A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Compliance with this pleading requirement is excused only in "compelling circumstances." *State of Missouri ex rel. St. Joseph, Missouri Association of Plumbing, Heating And Cooling Contractors, Inc. v. City of St. Joseph,* 579 S.W.2d 804, 806 (Mo.App.1979). It cannot be seen how the circumstances here were so compelling as to permit noncompliance with the pleading requirement. The would-be intervenors simply filed their motion to disqualify with the court. They attempted to enter the pending litigation by circumventing the procedure which would have made them parties thereto.

Defendant judge has no jurisdiction to act on this motion of non-parties who lack standing. *Cf. State ex rel. Saupe v. Swink,* 475 S.W.2d 466 (Mo.App.1971) (Court issued writ prohibiting a non-party from filing a counterclaim, noting that nonparties have no right to inject themselves into a lawsuit as defendant. *Id.* at 468.)

In *State ex rel. Lashly v. Wurdemann,* 183 Mo.App. 28, 32, 166 S.W. 348, 354 (1914), the court noted under the predecessor statute to § 56.060 no one could deny, in an action against the county, the right and duty of the prosecutor to control and manage the defense of the suit. (In that case an action in mandamus was brought against the county commissioners to issue a dramshop license.) The *Wurdemann* court further notes the autonomy of the prosecuting attorney from the office of the county court. "The office of the county court and of the prosecuting attorney are, of course, separate and independent and neither is necessarily subservient to the other." *Id.* at 349.

■ It is further noted the individual judges of the court are but agents of the court which is an agent of the county. *Jensen v. Wilson Township, Gentry County,* 346 Mo. 1199, 1203, 145 S.W.2d 372, 374 (1940); *State ex rel. Lashly v. Wurdemann, supra,* 183 Mo.App. at 43, 166 S.W. at 353.

■ If there were an action to disqualify the prosecutor in a statutorily mandated situation, it should be brought by the county itself through an official action by the

county court, since the prosecutor's duty is to defend the county. The individual members of the court can neither bind nor obligate the county. *Missouri-Kansas Chemical Co. v. Christian County,* 352 Mo. 1087, 1090, 180 S.W.2d 735, 736 (1944). *See generally* 4 C. Antieau, County Law § 3206 (1982). And, as Missouri courts long have held, any action which the county court takes to bind the county must be done on the record. "A county court can speak only by its record; and this is true with reference to *all* its acts, whether judicial or ministerial." *Carter v. Reynolds County,* 315 Mo. 1233, 1238, 288 S.W. 48, 50 (1926). *See also Missouri-Kansas Chemical Co. v. Christian County, supra,* 352 Mo. at 1090, 180 S.W.2d at 736; *Boatright v. Saline County,* 350 Mo. 945, 948–49, 169 S.W.2d 371, 372 (1943); *Sanderson v. Pike County,* 195 Mo. 598, 604, 93 S.W. 942, 944 (1906).

Because the motion was filed by persons with no standing it is unnecessary to determine the merits of the motion as filed or whether the contract let in the underlying suit was done properly.

The preliminary order is made absolute; defendant lacks jurisdiction to act upon the motion to disqualify the prosecutor.