**FIESER SERVICES, INC.,**
**Plaintiff-Appellant,**

v.

**SALINE SEWER COMPANY,**
**Defendant-Respondent.**

No. 45038.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 1982.

John L. Sullivan, St. Louis, for plaintiff-appellant.

Louis Jerry Weber, Hillsboro, for defendant-respondent.

CRIST, Judge.

Fieser Services, Inc. (Fieser) appeals from an adverse judgment in its court-tried ac-

---

tion for damages on an alleged breach of a contract to construct a sewer line. We vacate the judgment and remand this cause for further proceedings.

In June, 1978, Fieser and respondent Saline Sewer Company (Saline) contracted for Saline's construction of a sewer line to extend about 1700 feet from a Saline sewage trunkline to Fieser's six-acre lot upon which Fieser intended to build a nursing home. Among the contract's salient provisions were (1) Saline's promise to have "acceptable sewer service available within Three Hundred Thirty (330) days from date of this contract," (2) Fieser's promise to submit the nursing home project's construction plans to Saline for approval, and (3) upon approval of the construction plans, Fieser's further promise to construct at its own expense all sewer lines within the boundaries of the six-acre tract, "said construction to include * * * all manholes and service lines."

The contract price was $19,000.00, which Fieser paid the day the contract was executed. Only $5,760.00 of that amount, however, was Fieser's connection fee. The other $13,240.00 was for the remaining cost of constructing the sewer line, and express provision was made in the contract for Fieser to recoup that amount from connection fees as other owners of the dozen or so lots through which Saline's sewer line would run hooked up to it.

Nothing was constructed. The parties' explanations for nonperformance differ, but as we held in *S.G. Adams Printing v. Central Hardware Co.,* 572 S.W.2d 625, 627–28 (Mo.App.1978):

> "[W]hen an appellate court is confronted [as we are here] with a record in which no findings of fact or conclusions of law were filed and none were requested, all fact issues are to be deemed found in accordance with the results reached. * * The appellate court is also obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and to disregard the contradictory testimony."

Thus: Within six months of the contract's execution, St. Louis County denied Fieser's application to re-zone the six acres to permit the nursing home's construction. Though that project was abandoned, as was a later one to subdivide the tract, Fieser was still seeking to have the sewer line constructed as late as August, 1979, well after the 330 day period specified for Saline's performance had expired. Construction never began, however, because Fieser never prepared its construction plans which would show, among other things, the location and specifications of both the service lines on Fieser's property and the manhole at which Fieser's and Saline's lines would meet and join. Saline spent about $2,500.00 on survey crews and preliminary drawings; but without knowing where its line would enter Fieser's property, Saline could neither draw final plans nor acquire easements for the line's construction. The status quo when this action commenced was that the parties had reached an impasse: Saline declared it was ready, willing, and able to commence construction upon Fieser specifying the line's terminus on the tract, but Fieser had meanwhile sold the property to a third party and was therefore unable to do so. And the third party was not interested in a sewer line.

The breach of contract Fieser alleged was Saline's failure to provide sewer service (*i.e.,* construct the sewer line) within the 330 day period the contract specified, and Fieser sought as damages the $19,-000.00 it paid. However, the trial court could have correctly found that Saline's timely performance had been excused. To paraphrase *Kester v. Jeter,* 481 S.W.2d 510, 513 (Mo.App.1972), the delay in performance resulted from Fieser's own acts, its own extensions of time and its own acquiescence and waiver of the time specified in the contract for performance. *And see: Ark Const. Co. v. City of Florissant,* 558 S.W.2d 418, 422 (Mo.App.1977).

Nor, even if the default by Saline had been shown could Fieser recover the entire $19,000.00. Fieser apparently believed that under *Jones v. Peterson,* 335 Mo. 242, 72 S.W.2d 76 (1934) it had the option to recover that amount on Saline's "default." But *Jones v. Peterson* holds, id.

"[I]t is not every default in the performance of a contract which gives the injured party an election either to bring an action for damages, or consider the contract as rescinded and recover back the money paid. The authorities hold that such an option or election exists where the contract is executory on the part of him who receives the money, and he altogether fails to fulfill his part of the contract."

Saline's preliminary survey work and preparation of plans shows that the contract was not entirely executory on its part, and that it had not "altogether fail[ed]" to perform. Fieser's reliance on *Jones v. Peterson* was (and is) misplaced.

 Still, the fact remains that Fieser, having sold the property, is unlikely ever to effect the prerequisites for Saline's further performance. Saline, meanwhile, retains Fieser's $19,000.00, paid to construct and connect to a sewer line that may never be laid. And until that line *is* laid, Fieser cannot recoup from downstream connection fees the $13,240.00 for construction costs it paid over and above the fee it paid to connect to the line.

This is one of those infrequent cases where, a party having misconceived his right or remedy, we better serve the interests of justice by remanding the cause for further proceedings. *See, e.g., Stouse v. Stouse,* 270 S.W.2d 822, 826 (Mo.1954); *Hetzler v. Millard,* 348 Mo. 198, 153 S.W.2d 355, 359 (1941); *State ex rel. Reid v. Kemp,* 574 S.W.2d 695, 697 (Mo.App.1978). This dormant contract should not secure for Saline more than it would earn had it performed, and more than it could claim upon a breach thereof by Fieser. In either event, Saline would be entitled to its profits, determined by subtracting from the contract price the cost of performance. *Juengel Const. Co., Inc. v. Mt. Etna, Inc.,* 622 S.W.2d 510, 514 (Mo.App.1981); *Ark Const. Co. v. City of Florissant,* 558 S.W.2d at 423. Accordingly, we vacate the judgment and remand this cause to the trial court with instructions to take evidence of Saline's expected profits and cost of part performance under the contract and to enter judgment accordingly, with the balance of the price to be refunded to Fieser.

Judgment vacated and cause remanded with instructions.

CRANDALL, P.J., and REINHARD, J., concur.