Eleanor ROSENBLUM, Respondent,

v.

Jerome B. SPITZER, Appellant.

No. 45347.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 22, 1983.

Theodore D. Ponfil, Clayton, for appellant.

Merle Silverstein, Clayton, for respondent.

CRIST, Judge.

Defendant and plaintiff are ex-spouses (hereafter husband and wife, respectively) who dissolved their thirty-year marriage in 1978. This appeal resulted from a two-count action against husband brought by wife in 1981, claiming she had just discovered husband owned three "units" of Nevada Properties, a limited partnership, which were marital property but not disposed of when their marriage was dissolved. Count one of wife's action sought among other things a declaration that she and husband own the Nevada Properties units as tenants in common under the following provision in their separation agreement:

Any marital assets of either party not mentioned or referred to herein, owned by one party and not known to the other party, shall be owned by the parties hereto equally as tenants in common.

The trial court tried count one separately, Rule 66.02, and husband appeals from an adverse judgment thereon which the trial court designated appealable under Rule 81.-06. We affirm.

Husband admits he has owned the Nevada Properties units since 1969, and concedes they were marital property when the parties' marriage was dissolved. And if we accept as true all evidence favorable to wife as the prevailing party, as we must, see: *Feiser Services, Inc. v. Saline Sewer Co.,* 643 S.W.2d 92, 93 (Mo.App.1982), wife knew nothing about Nevada Properties or husband's interests therein until shortly before this action was filed—she knew nothing about them before the dissolution action, and husband acknowledges they were not specifically mentioned in the dissolution proceeding in either the pleadings, the evidence, or even in husband's responses to wife's interrogatories and at deposition questions about husband's partnership interests and other assets. Yet, husband contends the Nevada Properties units were among the "other miscellaneous partnerships" awarded to him under another provision in the separation agreement:

> [Husband] shall have as his sole and exclusive property:

>      *    *    *    *    *    *

> [Husband's] partnership interest in West Page Center and other miscellaneous partnerships.

■ Husband's claim is untenable. An enforceable agreement supposes the minds of the parties thereto met upon and assented to the same thing in the same sense. *Macy v. Day,* 346 S.W.2d 555, 558 (Mo.App. 1961). Wife could not and did not agree to set aside for husband partnership assets he had acquired but which she knew nothing about. Husband did not acquire the Nevada Properties units through the separation agreement, and they remained undisposed of by that agreement and by the subsequent dissolution decree.

■ In the absence of wife's *actual* knowledge of his Nevada Properties inter-

ests, husband contends wife had *constructive* knowledge of those interests in that sometime prior to the dissolution trial husband gave wife's attorneys copies of his 1975 and 1976 tax returns that listed Nevada Properties among husband's assets. Wife's constructive knowledge of the assets, husband claims, means wife has not satisfied the proviso in the first-quoted part of the separation agreement that she did not know about omitted assets in order to claim them as a tenant in common with husband. However, the tax returns are evidence husband owned the partnership units only during the tax years indicated. They do not imply husband continued to own the assets up through the marriage dissolution in 1978, particularly when husband failed to mention the Nevada Properties units in his answers to interrogatories and deposition questions, thus implying those units had been disposed of.

Wife concedes count two of her petition presents merely alternative grounds for relief. This concession will require the trial court to dismiss Count II.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.