Gary A. GRINDLEY, Appellant,

v.

Ben BLANKENSHIP d/b/a K.C. Body Works, and Farmers Insurance Company, Respondents.

No. WD 34912.

Missouri Court of Appeals, Western District.

May 22, 1984.

S.W. Longan, III, Kansas City, for appellant.

Sylvester Powell, Jr., Kansas City, for respondent Farmers Ins. Co.

Clyde G. Meise, Kansas City, for respondent Ben Blankenship.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff filed an action for damages for fraudulent misrepresentation against defendants Ben Blankenship, proprietor of K.C. Body Works, and Farmers Insurance Company. At the close of plaintiff's evidence the trial court directed a verdict against plaintiff. From the ensuing judgment plaintiff has appealed.[1]

We affirm, but remand the case for further proceedings consistent with this opinion.

The facts of the case are as follows:

Plaintiff was the owner of a practically new four-wheel drive Toyota truck. It was badly damaged in an accident. He had the vehicle towed to K.C. Body Works, of which defendant Ben Blankenship was the proprietor. Blankenship prepared an estimate of the cost of repair which amounted to $6,029.53.

The vehicle was inspected by a Mr. Jones, a representative of defendant Farmers Insurance Company, which had the collision insurance on the truck. Jones assured the plaintiff that he had gone over the Blankenship estimate with Blankenship item by item. Both Jones and Blankenship, according to plaintiff's testimony, "assured me that it could be fixed and in as good or better ... as good a condition as it was when it was new." Blankenship also said that he would use new parts to make the repairs.

Plaintiff and the Farmers Insurance representative authorized defendant Blankenship to proceed. He did so and in due time called plaintiff to notify him the truck was ready for delivery. Plaintiff picked it up on his noon hour and drove it back to his place of employment. He could tell at once that the truck was not running properly. When he had an opportunity to examine the truck he observed that the repair job was incomplete and of extremely poor workmanship. He called Mr. Jones of Farmers Insurance, who inspected it and agreed that "the job was pretty shoddy."

At Jones' suggestion, plaintiff took the truck to Adams Toyota, to be inspected by Mr. Belknap.

Mr. Belknap kept the truck two or three weeks. He prepared an estimate of the cost of repairing the truck totaling $6,500.00 but, according to plaintiff's testimony, he "didn't even finish the part on the surface because ... he said by the time he had gotten that far on it, into it, he didn't want to spend anymore time because it was obvious that it was a total loss." Belknap testified he had left "anywhere from forty to fifty items open" on his estimate.

I

Plaintiff relies for his fraud case against defendant Blankenship upon representa-

---

1. A third count in plaintiff's petition asserted a claim against Farmers Insurance on the insurance policy. This count was submitted to the jury and the verdict was for defendant. Plaintiff has not appealed from the adverse judgment on this count.

tions made by Blankenship to plaintiff that the truck "was repairable to as good a condition as it was prior to the collision;" that "the damage to the truck had been thoroughly inspected and the cost of repair was not in excess of the value of the truck;" and that "the repair and restoration of the truck [would be] done according to the defendant's estimate using new parts where necessary and that all repair and restoration of the truck [would be] done in a skillful, workmanlike manner."

■ With respect to the first two of such representations, i.e. that the truck was repairable, and that the cost of repair was not in excess of the value of the truck after it was repaired, the plaintiff failed to prove their falsity. The first requirement of a claim for damages based upon false representations is that the representations be false. *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983).

■ For proof of falsity of the representations, plaintiff points to the testimony of witness Belknap. Belknap was an experienced body repair mechanic. He saw and inspected plaintiff's truck only after the repairs by defendant Blankenship had been completed. His testimony was that the condition of the truck was worsened by the work done by defendant and *at that time* he inspected it, after the Blankenship repair job, he recommended the purchase of a new truck rather than repair of the damaged one. He did not say that it was not repairable at the time of the original damage, but specifically said that it was repairable. He never expressed any opinion that the cost of repair at the time of the original damage would have been more than the value of the vehicle after it was repaired.

■ As to Blankenship's third alleged false representation, namely, that new parts would be used, there is evidence that several used parts were used by defendant Blankenship where new parts were needed. What is missing from plaintiff's fraud case is proof that defendant *intended* to use used parts when he contracted to use new parts. Without that proof we have here

only a breach of contract. It is an essential element of a fraudulent misrepresentation case that a present fact be misrepresented. Where a contracting party who has failed to perform his contract as promised has been held liable for fraud, there has been proof that he intended at the time of his promise not to fulfill it. Thereby he misrepresented the present fact of his state of mind. *Sofka v. Thal,* 662 S.W.2d at 507; *Grosser v. Kandel-Iken Builders, Inc.,* 647 S.W.2d 911, 914 (Mo.App.1983). That defendant Blankenship actually used used parts instead of new parts as agreed is no proof that he intended to do so at the time he promised to use new parts.

There is no fraud case proved against defendant Blankenship.

## II

■ For his fraudulent misrepresentation case against Farmers Insurance Company, plaintiff alleges that Farmers Insurance employee Jones represented to plaintiff that his truck "could be repaired in as good a condition as it was before and that defendant Blankenship could repair the truck to such condition."

As in the claim against Blankenship, plaintiff has failed to prove the falsity of Jones's representation that the truck could be restored to its condition before the accident. As we have already noticed in our discussion of the claim against Blankenship, plaintiff did not prove that the truck was not repairable if the repairs were correctly done. If plaintiff intends to charge that Jones represented to him that Blankenship was a skillful and competent body repair mechanic, there is no evidence of that at all. In fact, it was plaintiff who had had the truck taken to defendant Blankenship's shop. Blankenship had done some repair work for the plaintiff before. Plaintiff was asked this question: "Was there any discussion with Mr. Jones over Mr. Blankenship's reputation and quality of work that he did?" Plaintiff answered: "He assured me that—he agreed that Mr. Blankenship would be able to repair that truck as good as it was before." There

was no proof, however, that Blankenship had a bad reputation for workmanship, or that the quality of his work was not ordinarily good. Here again, plaintiff failed to prove the falsity of any representation which Jones made to him. As to any representation about Blankenship's reputation or skill, plaintiff fails also to offer any proof that he relied upon the truth of the representation, another necessary element of a claim for damages for fraud. *Sofka v. Thal*, 662 S.W.2d at 506; *Koch v. Victoria Loan Co.*, 652 S.W.2d 212, 216 (Mo.App. 1983).

█ Plaintiff's evidence made a prima facie case against defendant Blankenship for breach of contract, or for negligent automobile repair. See *Fancher v. Southwest Missouri Truck Center, Inc.*, 618 S.W.2d 271 (Mo.App.1981). Where a plaintiff has misconceived his remedy and has failed to make a case upon his pleaded theory, we in our discretion may remand the case for a new trial upon amended pleadings presenting a viable theory, if the furtherance of justice so requires.[2] In this case we elect to remand for a new trial upon amended pleadings, if plaintiff chooses so to amend his petition against Blankenship to attempt to assert a claim for breach of contract or for failure to repair the truck in a good and workmanlike manner. See *Stouse v. Stouse*, 270 S.W.2d 822, 826 (Mo.1954), and cases collected in Missouri Digest 2d, Appeal and Error, key No. 1178(8).

Judgment affirmed, but case is remanded for further proceedings consistent with this opinion.

PRITCHARD, P.J., concurs.

SOMERVILLE, J., concurs in part and dissents in part in separate opinion.

SOMERVILLE, Judge, concurring in part and dissenting in part.

Although I concur in that portion of the majority opinion affirming the judgment of the trial court, I respectfully dissent from that portion of the opinion remanding the case for a new trial if plaintiff chooses to amend its petition to assert a claim for breach of contract or for negligent repairs. It was implicit throughout the oral argument on appeal that plaintiff was aware at the trial level of a cause of action based on one of the alternative theories heretofore mentioned but knowingly proceeded on the theory of fraud in hopes of enhancing the amount of recovery by seeking both compensatory and punitive damages. Doing so was calculated rather than an unwitting choice. See generally: *Farmer v. Taylor*, 301 S.W.2d 429 (Mo.App.1957).

---

**2.** In *Farmer v. Taylor*, 301 S.W.2d 429 (Mo.App. 1957), cited by Judge Somerville in his dissent, the abandoned theory had been pleaded and thoroughly investigated in the evidence and

abandoned only at the submission stage. The court declined to remand for a new trial on the abandoned theory. In the present case, the plaintiff was nonsuited at the close of his case.