The Honorable Harold Caskey State Senator, District 31 State Capitol Building Jefferson City, MO. 65101
Dear Senator Caskey:
This opinion letter is in response to your questions asking:
 Does the law allow a township trustee/ex officio treasurer to co-sign all township checks?
 a) Is a co-signatory requirement for township checks legal?
 b) Can the trustee/ex officio treasurer be held responsible for a co-signatory's failure to sign?
You state: "The township board is interested to find out if they can place additional safeguards on the payment of township funds by requiring a signature in addition to the trustee/ex officio treasurer's signature on township checks."
The procedure for the payment of claims against a township is set forth by statute. Section 65.320, RSMo 1994, providing the procedure for filing a claim against the township, states:
 65.320. Claims against township — procedure. — Any person having a claim or account against the township may file such claim or account in the office of the township clerk, to be kept by the said clerk, and laid before the township board at their next meeting; provided, however, that any person having a claim against the township may present said claim to the township board himself, or by an agent, at any legally convened meeting of said board; said board shall have the power to determine the legality or illegality of any claim or account against the township, and to reject said claim, or any part thereof, as to them appears just and proper; but in no case shall the township board be authorized to allow any claim, or any part thereof, until the claimant makes out a statement, verified by affidavit to the amount and nature of his claim, setting forth that the same is correct and unpaid, or, if any part thereof has been paid, setting forth how much.
Section 65.340, RSMo 1994, provides:
 65.340. Claims against township, collection. — When any claim or account, or any part thereof, shall be allowed by the township board of directors, they shall draw an order upon the township trustee in favor of the claimant for the amount so allowed — said order to be signed by the president of said board, and attested by the township clerk and delivered to said claimant.
Section 65.490, RSMo 1994, provides:
 65.490. Township funds, how paid out — school district funds, duties of trustees. — The township trustee and ex officio treasurer shall not pay out any moneys belonging to the township for any purpose whatever, except upon the order of the township board of directors, signed by the chairman of said board and attested by the township clerk; provided, . . . . He shall receive from the township collector and the county collector or treasurer all road and bridge and other taxes due the township when collected by such officers, and shall receipt for the same, and shall account therefor in like manner as for other moneys in his hands belonging to the township.
These statutes set out the procedure for the payment of a claim against the township. The claim is considered by the township board (Section 65.320). If the claim is allowed by the township board, an order in favor of the claimant is signed by the president/chairman of the board and attested by the township clerk (Section 65.340). The township trustee ex officio treasurer pays out the money to the claimant pursuant to the order signed by the president/chairman of the board and attested by the township clerk (Section 65.490). Section 65.490 specifically prohibits the township trustee ex officio treasurer from paying out township money except upon the order of the township board signed by the president/chairman of the board and attested by the township clerk.
A township only has certain powers. Section 65.270, RSMo 1994, provides:
 65.270. Corporate power, limitations of. — No township shall possess any corporate powers, except such as are enumerated or granted by this chapter, or shall be specially given by law, or shall be necessary to the exercise of the powers so enumerated or granted.
In Jensen v. Wilson Tp., Gentry County, 145 S.W.2d 372 (Mo. 1940), the Missouri Supreme Court described the powers of a township as follows:
 A township board functions not as a court of broad jurisdiction but as the agent of the township with limited authority. Consequently, it is even more essential that its authority be exercised in strict compliance with the powers granted to it. Such a board comes under the same rule as a county court. A county court is only the agent of the county with no powers except those granted and limited by law, and like all other agents, it must pursue its authority and act within the scope of its powers. . . .
Id. at 374.
In the situation about which you are concerned, the statutes provide a specific procedure for the payment of claims against the township. The statutory procedure does not include a co-signer on checks issued by the trustee ex officio treasurer. A township only has powers provided to it by law and there is no power granted to a township to require a co-signer on checks issued by the trustee ex officio treasurer. Therefore, we conclude a township does not have the power to require a co-signer on checks issued by the trustee ex officio treasurer.
Section 65.490 provides that the trustee ex officio treasurer not pay out township money except upon the order of the township board of directors, signed by the president/chairman of the board and attested by the township clerk. Section 65.460, RSMo 1994, requires the trustee ex officio treasurer to be bonded. Such section states in part:
 65.460. Township trustee, collector — bonds. — Every person elected or appointed to the office of township trustee and ex officio treasurer, before he enters on the duties of his office, and within ten days after his election or appointment, shall execute and deliver to the township clerk a bond with one or more sureties, to the satisfaction of the township clerk payable to the township board, equal to one-half the largest amount on deposit at any one time during the year preceding his election or appointment of all the township funds, including school moneys, that may come into his hands; and every such bond, when deposited with the township clerk as aforesaid, shall constitute a lien upon all the real estate within the county belonging to such trustee and ex officio treasurer at the time of filing thereof, and shall continue to be a lien until its conditions, together with all costs and charges which may accrue by reason of any prosecution thereon shall be satisfied . . . . provided, the county commission or township board shall annually examine the collector's or trustee's bond as to form and sufficiency of surety and in case of any doubt shall require additional security.
Section 65.470, RSMo 1994, relating to collection on the surety bond, states:
 65.470. Trustee to receive and pay over moneys — suits on default. — The township trustee and ex officio treasurer of each township shall receive and pay over all moneys raised therein for defraying township expenses; provided, that before entering on the duties of his office he shall execute such bond as is required in section 65.460; and in case of default, it is hereby made the duty of the township clerk to institute suit thereon, in the name of the township, in any court of competent jurisdiction.
The surety bond requirement in Section 65.460 and Section 65.470
provides protection to the township in the event of improper payments by the trustee ex officio treasurer.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General